UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
Docket No. 05-11567 NG

BLACKSMITH INVESTMENTS, LLC.            )
            Plaintiffs,                 )
Vs.                                     )
                                        )  COMPLAINT
CIVES STEEL COMPANY,      MAGISTRATE JUDGE RBC
and CLARK/SUFFOLK A JOINT VENTURE,      )
            Defendants,                 )

RECEIPT # 65856
AMOUNT $ 250
SUMMONS ISSUED 4
LOCAL RULE 4.1 1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. TDW
DATE 7/26/05

**GENERAL ALLEGATIONS**

1.  Plaintiff, Blacksmith Investments, LCC is a limited liability Corporation with offices at 2301 Lewis O'Gray Drive, Saugus, Massachusetts.

2.  Boston Steel & Precast Erectors, Inc. secured a bank loan with a promissory note with the Citizen's Bank secured by assets and including receivables due from the Manulife Financial Center building, Boston, Massachusetts.

3.  Boston Steel & Precast Erectors, Inc. defaulted on the Citizen's Bank loan.

4.  Plaintiff Blacksmith Investments, LLC paid the bank debt of Boston Steel & Precast Erectors, Inc. and in so doing is entitled to all the rights and remedies that the bank was entitled to as lien holder of Boston Steel & Precast Erectors, Inc. to recover the Manulife project moneys.

5.  Defendant Cives Steel Company, hereinafter Cives, is a steel fabricator with a usual place of business at 103 Lipman Road, P.O. Box 1077, Augusta, ME  04330.

6.  Boston Steel & Precast Erectors, Inc., hereinafter BSPE, subcontracted with Cives for the Manulife Financial Center building structural steel erection..

7.  Defendant Clark/Suffolk A Joint Venture, is general contractor whose Managing Venturer is Clark Builders, with a usual place of business at 420 D Street, Boston, Massachusetts.

8. Defendant Clark/Suffolk Joint Venture contracted with Defendant Cives Steel Company for the fabrication and erection of structural steel, Manulife Financial Center building, Boston, Massachusetts.

9. Plaintiff Blacksmith Investments, LLC. interests in this action is Boston Steel & Precast Erectors, Inc.'s receivables for the Manulife Financial Center building steel erection construction.

10. Defendant Cives, is signatory to a contract with BSPE and modifications to that contract for change orders it issued and otherwise directed BSPE to perform.

11. Plaintiff states that this action is properly before this Court as a diversity action, Defendant Cives Steel, Inc. being a Maine Corporation and Plaintiff being a Massachusetts corporation.

12. Plaintiff states that the money damages in this action in the amount of $213,973.79 exceed the minimum damages required to be before this Court.

**COUNT I.   BREACH OF CONTRACT**

13. Plaintiff realleges the allegations set forth in paragraphs one through twelve of the Complaint.

14. Plaintiff Boston Steel & Precast Erectors, Inc. contracted with Cives, as a steel erector for the project known as Manulife Financial Center.

15. Defendant Cives contract with BSPE, including extras, is the sum of $3,885,363.82.

16. Defendant Cives contracted to pay BSPE $3,883,363.82 for erection of steel at the Manulife Financial Center project.

17. Defendant Cives payments to BSPE and to BSPE sub-subcontractors on behalf of BSPE is the sum of $3,671,390.03.

18. Defendant Cives has an outstanding balance due BSPE/Blacksmith in the amount of $213,973.79 on the original contract.

19. Defendant Cives has failed to pay and has refused to pay BSPE/Blacksmith Investments LLC the balance due of $213,973.79.

20. Plaintiff, lien holder Blacksmith Investments, LLC is owed the total sum of $213,973.79, moneys otherwise payable to BSPE.

**Wherefore**, Plaintiffs Boston Steel & Precast Erectors, Inc. and Blacksmith Investments, LLC respectfully request the following relief:

    a. That the Court find Defendant Cives breached the Contract in the amount of $213,973.79;

    b. That the Court find Defendant Cives breached the Contract for written change orders and such other oral change orders directed by Cives to be performed by Boston Steel & Precast Erectors, Inc.;

    c. That Plaintiff Blacksmith Investments, LLC as lien holder of Boston Steel & Precast Erectors, Inc. is entitled to the contract balances and change orders subject of this action;

    g. Such other relief as is just and reason reasonable.

**COUNT II.  QUANTUM MERUIT IMPLIED CONTRACT**

21. Plaintiff, Blacksmith Investments, LLC realleges the allegations set forth in paragraphs one through twenty of the Complaint.

22. Boston Steel & Precast Erectors, Inc. performed contract and extras at Manulife Financial Center building, Boston, Massachusetts, whose general contractor is Clark/Suffolk Joint Venture.

23. Boston Steel & Precast Erectors, Inc. has an outstanding balance due in the amount of $213,073.79 for performed contract and extras at Manulife Financial Center building, Boston, Massachusetts.

24. Defendant Clark/Suffolk Joint Venture, breached the contract by failure to make payment when payments were due Cives Steel Company.

25. Plaintiff Blacksmith Investments, LLC as signatory to a promissory note entitled to all the rights and remedies that the bank was entitled to as lien holder of Boston Steel & Precast Erectors, Inc. is entitled to $213,073.79.

   **Wherefore**, Blacksmith Investments, LLC respectfully demands the following relief:

   a. That the Court find Defendant Clark/Suffolk breached the Contract in the amount of $213,073.79;

   b. That the Court find Defendant Clark/Suffolk Joint Venture, breached the Contract for written work requests and such other oral work orders directed by Clark/Smith Joint Venture to be performed by Boston Steel & Precast Erectors, Inc.;

   c. That Plaintiff Blacksmith Investments, LLC as lien holder of Boston Steel & Precast Erectors, Inc. is entitled to the value of construction labor and material work balances subject of this action;

   g. Such other relief as is just and reason reasonable.

**COUNT III: UNJUST ENRICHMENT, CLARK/SUFFOLK A JOINT VENTURE**

26. Plaintiff, Blacksmith Investments, LLC realleges the allegations set forth in paragraphs one through twenty-five of the Complaint.

27. Plaintiff Blacksmith Investments, LLC says that Defendant Clark/Smith Joint Venture has received value for labor and materials provided by Boston Steel & Precast Erectors, Inc. in the Clark/Suffolk Joint Venture Cives Steel Company Contract.

28. Blacksmith Investments, LLC says that Defendant Clark/Suffolk Joint Venture has not paid for value

received from the labor and materials furnished by Boston Steel & Precast Erectors, Inc. at the Manulife Financial Center project.

29. Blacksmith Investments, LLC says that Defendant Clark/Suffolk Joint Venture has benefited from the contract between Cives Steel Company and Boston Steel & Precast Erectors, Inc.

30. Blacksmith Investments, LLC says that Defendant Clark/Suffolk Joint Venture has been enriched by retention of the labor, value, and product provided by Boston Steel & Precast Erectors, Inc.

31. Blacksmith Investments, LLC says that Defendant Clark/Suffolk Joint Venture has been enriched at Boston Steel & Precast Erector's expense by receipt of requested goods without payment of same.

32. Blacksmith Investments, LLC says that there is no other adequate remedy at law against Defendant Clark/Suffolk Joint Venture.

33. Blacksmith Investments, LLC says that Defendant Clark/Suffolk Joint Venture has been unjustly enriched by the value received from the labor and materials furnished by Boston Steel & Precast Erectors, Inc. at the Manulife Financial Center project.

34. Plaintiff Blacksmith Investments, LLC has been damaged as lien holder recipient of the rights entitled to Boston Steel & Precast Erectors, Inc. to enforce receipt of unjust enrichment, in the amount of $213,073.79.

> **Wherefore**, Plaintiff Blacksmith Investments, LLC respectfully requests that the court enter judgment under Count Five against Massachusetts General in the amount of $213,073.79, plus

interest, costs, and reasonable attorney's fees.

                              Blacksmith Investments, LLC
                              By their Attorney,

                              */s/ Guy E. Guarino*
                              Guy E. Guarino
                              BBO No. 213960
                              72 Country Club Way
                              Ipswich, MA  01938
                              (978) 356-7500

Dated:    July 6, 2005

≈JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
BLACKSMITH INVESTMENTS, LLC.

**DEFENDANTS** CIVES STEEL COMPANY, CLARK/SUFFOLK A JOINT VENTURE

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: AUGUSTA, ME
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number) 978-356-7500
GUY E. GUARINO, ESQ.
72 COUNTRY CLUB WAY, IPSWICH, MA 01938

Attorneys (If Known)

05-11567 NG

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 213,973.79
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE 7/15/2005
SIGNATURE OF ATTORNEY OF RECORD  /s/ Guy E. Guarino

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____