UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BLACKSMITH INVESTMENTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CIVES STEEL COMPANY,<br><br>Defendant. | C. A. No. 05-11567-NG<br><br>**ORAL ARGUMENT REQUESTED** |

### DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT

Defendant Cives Corporation (sued herein as Cives Steel Company) ("Cives") moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss with prejudice, the October 17, 2005 Amended Complaint of the plaintiff Blacksmith Investments, LLC ("Blacksmith") inasmuch as Blacksmith can prove no set of facts to support its claim against Cives for breach of contract, *quantum meruit*/implied contract or unjust enrichment.

Blacksmith's claim against Cives for breach of contract must fail because Blacksmith is not in privity with Cives. The contract upon which Blacksmith relies was between Boston Steel & Precast Erectors, Inc. ("BSE") and Cives (the "Cives/BSE Contract"), and had nothing to do with Blacksmith. In fact, the Cives/BSE Contract contained a broad non-assignment provision that precludes Blacksmith from asserting any rights under the Cives/BSE Contract. In Blacksmith's first complaint against Cives, now dismissed, Cives raised the non-assignment provision as a bar to Blacksmith's original complaint. *Blacksmith Investments, LLC v. Cives Steel Co., Inc.*, 228 F.R.D. 66,

72 (D.Mass. 2005). This Court, agreeing with Cives and dismissing Blacksmith's original complaint, invited Blacksmith to establish how its alleged rights under the Cives/BSE Contract overcome the clear prohibition of the non-assignment provision. Despite this Court's invitation, Blacksmith has, in its Amended Complaint, again failed to address this Court's concern over whether the non-assignment provision could be invalidated. The Court should, therefore, dismiss Blacksmith's claims for breach of contract, *quantum meruit*/implied contract, and unjust enrichment because all such claims are premised upon Blackmith's asserting that it was assigned rights under the Cives/Blacksmith Contract.

Notwithstanding the above, Blacksmith's equitable claims against Cives for *quantum meruit*/implied contract and unjust enrichment should be dismissed for additional independent reasons. Even assuming all facts in the Amended Complaint are true, Blacksmith cannot demonstrate that it furnished work and/or labor to Cives, or that Cives should have expected that it would be obligated to pay Blacksmith for BSE's efforts. Accordingly, Blacksmith's claim for *quantum meruit*/implied contract must fail.

Additionally, Blacksmith's claim for unjust enrichment must also fail because Blacksmith admits that its alleged impoverishment is not related to Cives' alleged enrichment.

Finally, both equitable claims must fail because Blacksmith alleges that <u>BSE</u> has an adequate remedy at law.

In support of its motion, Cives submits its Memorandum of Law, the September 8, 2005 Affidavit of Martin C. Keniston attaching a copy of the Cives/BSE Contract,[1] and Cives' Local Rule 7.1(a)(2) Certification.

WHEREFORE, Cives and Clark/Suffolk respectfully request that this Court:

1. Dismiss Blacksmith's claims against Cives in their entirety and with prejudice;
2. Award Cives its costs, including reasonable attorneys' fees, and expenses for having to prepare the instant motion and memorandum of law;
3. Award Cives such other, further and different relief that this Court deems just and proper.

Respectfully submitted,
CIVES CORPORATION
By its attorneys,

/s/ John P. Martin
Joseph A. Barra, BBO # MA  632534
jbarra@ghlaw.com
John P. Martin, BBO # 637667
jmartin@ghlaw.com
Gadsby Hannah LLP
225 Franklin Street
Boston, MA  02110
(617) 345-7000

November 7, 2005

---

[1] Although, as with its complaint in its original action, Blacksmith did not submit a copy of the Cives/BSE Contract with its Amended Complaint, as noted by this Court in dismissing Blacksmith's original complaint in *Blacksmith Investments, LLC v. Cives Steel Co., Inc.*, C.A. No. 04-10369NG, "[w]here, as here, the 'complaint's factual allegations are expressly linked to – and admittedly dependent upon – a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6).'" *Blacksmith Investments, LLC, supra*, 225 F.R.D. 66, 69 n. 2 (*quoting Beddall v. State Street Bank & Trust Co.*, 137 F.3d 12, 17 (1st Cir. 1998)).

3

## CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of Defendant's Motion to Dismiss the Amended Complaint was served upon the opposing party in this action by United States mail, postage prepaid to the following address:

Guy E. Guarino, Esq.<br>
BBO # 21396<br>
72 Country Club Way<br>
Ipswich, Massachusetts 01938

By:     /s/ John P. Martin

November 7, 2005