UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BLACKSMITH INVESTMENTS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C. A. No. 05-11567-NG |
| ) | |
| CIVES STEEL COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OF LAW
### in support of
### DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT

Defendant Cives Corporation (sued herein as Cives Steel Company) ("Cives")

submits this Memorandum of Law in support of its motion to dismiss the October 17,

2005 Amended Complaint of the plaintiff Blacksmith Investments, LLC ("Blacksmith").

## PRELIMINARY STATEMENT

Blacksmith's claim against Cives for breach of contract must fail because

Blacksmith is not in privity with Cives. The contract upon which Blacksmith relies was

between Boston Steel & Precast Erectors, Inc. ("BSE") and Cives (the "Cives/BSE

Contract"), and that contract contained a broad non-assignment provision. In

Blacksmith's first, now dismissed, action, Cives raised the non-assignment clause as a

bar to Blacksmith's original complaint. *Blacksmith Investments, LLC v. Cives Steel Co.,*

*Inc.*, 228 F.R.D. 66, 72 (D.Mass. 2005) (attached hereto at *Exhibit A*). This Court

agreeing with Cives and dismissing Blacksmith's original complaint, invited Blacksmith

to establish how its alleged rights under the Cives/BSE Contract overcome the clear

language of the non-assignment provision.  Despite this Court's invitation, Blacksmith has, in its Amended Complaint, failed to address this Court's concern over the non-assignment provision.  The Court should, therefore, again dismiss Blacksmith's breach of contract claim.

Additionally, Blacksmith's claims for *quantum meruit*/implied contract and unjust enrichment must also fail because, as Blacksmith itself alleges, those claims are also based on its claim of assignment of the Cives/BSE Contract, which, by virtue of its own terms, cannot be assigned.

## BACKGROUND

This is now the second action filed by Blacksmith in this Court arising out of the same transaction.[1]  This Court dismissed Blacksmith's first action for several substantive and procedural reasons, and while Blacksmith has addressed the procedural issues raised by this Court, it has completely ignored the substantive reasons this Court dismissed its complaint filed in the original action.  *See Blacksmith Investments, LLC, supra,* 228 F.R.D. at 71.  Specifically, as with Blacksmith's original complaint, Blacksmith's Amended Complaint "contains no information which would invalidate the non-assignment clause" of the Cives/BSE Contract.

Cives retained BSE to erect certain steel for the construction of the Manulife building in Boston, Massachusetts, pursuant to the terms of the Cives/BSE Contract.[2]  Blacksmith was not a signatory to or a third-party beneficiary of the Cives/BSE Contract.

---

[1] A copy of Blacksmith's February 19, 2004 complaint in Blacksmith Investments, LLC v. Cives Steel Co., Inc., C.A. No. 04-10369NG is attached hereto at *Exhibit B.*
[2] Amended Complaint ¶¶ 8 and 14.

Furthermore, as found by this Court, the Cives/BSE Contract contained the following non-assignment provision:

> Subcontractor [BSE] … shall not assign or transfer the Subcontract **or funds due hereunder**, without the prior written consent of Contractor [Cives] and Subcontractor's surety.

See Cives/BSE Contract, ¶ 16 (emphasis added);[3] *Blacksmith Investments, LLC, supra,* 228 F.R.D. at 71 (same).

Despite the explicit language of the non-assignment provision, Blacksmith alleges that it is entitled to funds allegedly due BSE under the Cives/BSE Contract. Blacksmith does not allege that it has received written consent of either Cives or BSE's surety. Instead, Blacksmith alleges that it is due funds under the Contract as a result of paying money owed Citizen's Bank by BSE under the terms of a bank loan. The bank loan was allegedly secured with the funds due under the Cives/BSE Contract. As it did with its original complaint, Blacksmith fails to provide any information regarding the circumstances or terms of these alleged transactions. It was Blacksmith's inability in its previous action to provide this Court with information or documents that would invalidate the non-assignment provision that led to this Court to dismiss Blacksmith's claim for breach of contract in its original complaint. *See Blacksmith Investments, LLC, supra,* 228 F.R.D. at 71-72.

---

[3] As noted by this Court, although Blacksmith did not submit a copy of the Cives/BSE Contract with its Amended Complaint, "[w]here, as here, the 'complaint's factual allegations are expressly linked to – and admittedly dependent upon – a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6).'" *Blacksmith Investments, LLC, supra,* 225 F.R.D. at 69 n. 2 (*quoting Beddall v. State Street Bank & Trust Co.,* 137 F.3d 12, 17 (1st Cir. 1998)).

## ARGUMENT

### 1.    Blacksmith's claim for breach of contract should be dismissed.

Blacksmith's claim for breach of contract must be dismissed, again, because Blacksmith has utterly failed to heed the Court's request that Blacksmith address the non-assignment provision contained in the Cives/BSE Contract. *See Blacksmith Investments, LLC, supra*, 225 F.R.D. at 71-72. The prohibition contained in this provision undermines the very foundation of Blacksmith's claim against Cives for breach of contract.

Cives initially raised this issue in its successful motion to dismiss Blacksmith's complaint in its original action. In its opposition to Cives' motion to dismiss, Blacksmith completely failed to address the issue. This Court, during the hearing on Cive's motion to dismiss, also questioned Blacksmith, requesting either documentation or additional information explaining how Blacksmith could invalidate the non-assignment provision. Again, Blacksmith failed to demonstrate why the non-assignment provision would not defeat its claim. Finally, in dismissing Blacksmith's complaint, this Court counseled Blacksmith, that in any future action, Blacksmith must demonstrate "that there is a basis to ignore the non-assignment clause." *See Blacksmith Investments, LLC*, 225 F.R.D. at 72.

Despite being initially put on notice by Cives, and twice again by this Court, Blacksmith has yet again failed to demonstrate how it could overcome the non-assignment provision pf the Cives/BSE Contract.

Therefore, this Court should, again, dismiss Blacksmith's breach of contract claim – this time with prejudice. At a minimum, the Court should dismiss Blacksmith's breach of contract claim and award Cives its costs, including its reasonable attorneys' fees for bringing this motion.

2.    **Count II (*Quantum Meruit*/Implied Contract) and Count III (Unjust Enrichment) of Blacksmith's Amended Complaint should also be dismissed.**

    a.    Blacksmith's claims for *quantum meruit*/implied contract and unjust enrichment should be dismissed because they depend on assignment of the Cives/BSE Contract.

Counts II and III of Blacksmith's Complaint are merely attempts to circumvent the Court's reasons for dismissing Blacksmith's breach of contract claim contained in its first action – that the non-assignment clause of the Cives/BSE Contract prevents Blacksmith from bringing claims under that contract. Blacksmith's attempt to circumvent this Court's prior reasoning must fail.

Blacksmith is a stranger to Cives, and to the project from which the underlying claims by arise. In its Amended Complaint, Blacksmith admits it has no relationship with Cives, and it further admits that the only means by which it can assert any claims against Cives are via assignment of BSE's rights under the Cives/BSE Contract.[4] Even in its prayer for relief in its Count for *quantum meruit*/implied contract, Blacksmith asks the court to "find Defendant Cives Steel breached the Contract."

Because Blacksmith's claims of *quantum meruit*/implied contract and unjust enrichment are dependent on the assignment of the Cives/BSE Contract, and the non-assignment provision of that contract forbids such assignment, Counts II and III of Blacksmith's Amended Complaint must also be dismissed.

---

[4] Amended Complaint, ¶¶ 24-29.

    b.    <u>Blacksmith has no independent basis for its claims for *quantum meruit*/implied contract and unjust enrichment and those claims should be dismissed.</u>

Blacksmith cannot maintain an independent basis for its claims of *quantum meruit*/implied contract or unjust enrichment. To maintain a *quantum meruit* claim, Blacksmith must prove:

    1.    it furnished work and labor to Cives;

    2.    with the reasonable expectation of being paid for it by Cives; and

    3.    Cives expected, or should have expected, that it was obligated to pay Blacksmith.

*See Brick Construction Corporation v. CEI Development Corp.*, 46 Mass.App.Ct. 837, 839-40 (2000).

As is obvious from Blacksmith's Amended Complaint, Blacksmith provided no work or labor to Cives. Moreover, Blacksmith is not alleging that Cives expected or should have expected to ever be obligated to pay Blacksmith for anything. Thus, Blacksmith cannot establish either the first or the third elements of a claim for *quantum meruit*, and, therefore, cannot maintain an independent action for *quantum meruit*/implied contract.

Similarly, Blacksmith has no independent basis for its claim of unjust enrichment. To prevail on an independent claim of unjust enrichment, Blacksmith must show: (1) an enrichment; (2) an impoverishment; (3) a relationship between the enrichment and the impoverishment; (4) the absence of justification; and (5) the absence of a remedy provided by law. *See In re Lupron Marketing and Sales Practices Lit.*, 295 F.Supp.2d 148, 182 (D.Mass. 2003).

Most notably, Blacksmith can show no relationship between the alleged enrichment of Cives, and the alleged impoverishment of Blacksmith. To the extent that Blacksmith has been impoverished, it has been impoverished by its purchase from BSE (or, alternatively, from Citizen's Bank) of an assignment of a contract containing a non-assignment provision. If anyone has been enriched at Blacksmith's expense, it is BSE (or, alternatively, Citizen's Bank), and not Cives.

Moreover, to recover for unjust enrichment, the enrichment "must be *unjust*, a quality that turns on the reasonable expectations of the parties." *The Community Builders, Inc. v. Indian Motocycle Associates, Inc.*, 44 Mass.App.Ct. 537, 560 (1998) (emphasis in original). Cives could not have expected, in its dealings with BSE on the Manulife building project, to be obligated to pay Blacksmith. Cives had no relationship or dealings with Blacksmith, and it had bargained for a non-assignment provision in the Cives/BSE Contract.

Finally, Blacksmith's claim for unjust enrichment must also fail because Blacksmith admits that BSE's contract with Cives provides BSE an adequate contractual remedy at law. *See In re Lupron*, 295 F.Supp.2d at 182; *Ben Elfman & Sons, Inc. v. Criterion Mills, Inc.*, 774 F.Supp. 683, 687 (D.Mass. 1991); *Taylor Woodrow Blitman Construction Corp. v. Southfield Gardens Co.*, 534 F.Supp. 340, 347 (D.Mass. 1982). Blacksmith alleges that it has rights as against Cives only to the extent BSE has such rights. Blacksmith further alleges that BSE's rights arose under Cives/BSE Contract. Where a "contract provides the measure of the plaintiff's right ...no action for unjust enrichment lies." *In re Lupron*, 295 F.Supp.2d at 182. Here, Blacksmith explicitly

alleges that the Cives/BSE Contract provides BSE such a remedy.[5] By virtue of the adequate remedy at law available to BSE provided by the Cives/BSE Contract "a claim of unjust enrichment is unavailable." *See id.* Because Blacksmith alleges that it only possesses those rights to which BSE was entitled, and BSE, by virtue of the Cives/BSE Contract, is not entitled to a claim of unjust enrichment, Blacksmith is similarly barred from asserting such a claim.

        c.    <u>Conclusion</u>.

For the foregoing reasons, Blacksmith cannot maintain its claims for *quantum meruit*/implied contract or unjust enrichment against Cives. Therefore, the Court should dismiss Count II and Count III of the Amended Complaint.

## **CONCLUSION**

Blacksmith's claim against Cives for breach of contract must be dismissed because Blacksmith is not in privity with Cives, and by virtue of the non-assignment provision contained in Cives/BSE Contract, which Blacksmith has failed to address despite this Court's prior order which dismissed Blacksmith's original complaint.

Blacksmith's claims for *quantum meruit*/implied contract or unjust enrichment must also fail because Blacksmith alleges they are based solely on Blacksmith's rights under the Cives/BSE Contract. Blacksmith has no such rights.

Therefore, this Court should dismiss Blacksmith's Amended Complaint in its entirety, with prejudice. In the alternative, the Court should dismiss Blacksmith's Amended Complaint and award Cives its costs, including reasonable attorneys' fees, in bringing this motion to dismiss.

---

[5] Amended Complaint ¶¶ 8, 16, 27.

Respectfully submitted,
CIVES CORPORATION,
By its attorneys,


/s/ John P. Martin
Joseph A. Barra, BBO #  632534
jbarra@ghlaw.com
John P. Martin, BBO # 637667
jmartin@ghlaw.com
Gadsby Hannah LLP
225 Franklin Street
Boston, MA  02110
(617) 345-7000


November 7, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of Cives' Memorandum of Law in support of Defendant's Motion to Dismiss Amended Complaint was served upon the opposing party in this action by United States mail, postage prepaid to the following address:

Guy E. Guarino, Esq.
BBO # 21396
72 Country Club Way
Ipswich, Massachusetts  01938


By:      /s/ John P. Martin

Date:    November 7, 2005

B0434831v1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BLACKSMITH INVESTMENTS, LLC,　　　)<br><br>Plaintiff,　　)<br><br>v.　　　　)<br><br>CIVES STEEL COMPANY,　　)<br><br>Defendant.　　)<br>) | C. A. No. 05-11567-NG |

# EXHIBIT A

## TO

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT

### B. Defendants' Motions for Summary Judgment

Having determined that Plaintiff is not entitled to a dismissal without prejudice, the Court turns its attention to the pending motions for summary judgment. All of these motions ask the Court to enter summary judgment on behalf of each Defendant on the grounds that Plaintiff's claims are time barred under the applicable statute of limitations. As previously noted, Plaintiff filed no response to the three separate motions for summary judgment (Docket #s 14, 18 & 19) and the accompanying statements of material facts (Docket #s 15, 17 & 20). Thus, in accordance with Local Rule 56(e), the Court deems the properly supported statements of material fact admitted. In all relevant aspects, these statements yield a narrative that is the same as the narrative the Court has already laid out in the earlier background section of this Order and the Court therefore need not reiterate the facts as to which there are no genuine disputes.

[4] Absent any filed objection to Defendants' Motions for Summary Judgment,

[A] district court may not automatically grant a motion for summary judgment simply because the opposing party failed to comply with a local rule requiring a response within a certain number of days. Rather, the [C]ourt must determine whether summary judgment is 'appropriate,' which means that it must assure itself that 'there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'

*NEPSK, Inc. v. Town of Houlton,* 283 F.3d 1, 7–8 (1st Cir.2002) (quoting Fed.R.Civ.P. 56(c)). In this case, it is clear that summary judgment is "appropriate" on the record compiled by Defendants in support of their motions. Under the statute of limitations law in place at the time, Guptill's deadline for filing his claims against the Defendants ran on January 12, 1987. *See* 14 M.R.S.A. §§ 752, 752–C & 853. Although later amendments to Section 752–C allow persons who were victims of sexual abuse as minors to pursue their claims at any time, the Legislature clearly did not intend for this expanded statute of limitations to revive claims that were already "barred by the previous statute of limitations in force" prior to the amendments. *See* Me. P.L.1991, Ch. 551, § 2; Me. P.L.1999, Ch. 639, § 2. Unfortunately, Plaintiff's claims fall into this category. For this reason, the Court finds that Plaintiff's claims are time barred under the applicable Maine law and that, as a result, all three Defendants are entitled to judgment as a matter of law.

### III. CONCLUSION

To the extent, Plaintiff's Motion to Dismiss (Docket #21) sought a dismissal without prejudice, the Motion is hereby DENIED. Defendant F. Allen Martin's Motion for Partial Summary Judgment (Docket #14), Defendant Boy Scout of America's Motion for Summary Judgment (Docket #18), Defendant Dirigo Search & Rescue Association's Motion for Summary Judgment (Docket #19) are hereby GRANTED and the Clerk is directed to enter summary judgment in favor of Defendants on all counts.

SO ORDERED.



**BLACKSMITH INVESTMENTS, LLC., Plaintiff,**

v.

**CIVES STEEL CO., INC., New England Division, Defendant.**

No. CIV.A. 04–10369NG.

United States District Court, D. Massachusetts.

March 16, 2005.

**Background:** Alleged lienholder of subcontractor brought action against general contractor, based on general contractor's alleged failure to pay subcontractor in full. General contractor moved to dismiss.

**Holdings:** The District Court, Gertner, J., for reasons stated in report and recommendation of Dein, United States Magistrate Judge, held that:

(1) plaintiff's allegations were insufficient to establish the existence of diversity jurisdiction;

(2) Massachusetts was proper venue;

(3) whether contract's non-assignment clause precluded breach of contract claim could not be determined on motion to dismiss;

(4) allegations were insufficient to state misrepresentation and deceit claims against contractor;

(5) complaint did not plead fraud with sufficient particularity; and

(6) whether subcontractor was a necessary party could not be determined on motion to dismiss.

Motion granted.

## 1. Federal Courts ⇐314

Corporation's allegations were insufficient to establish the existence of diversity jurisdiction in its action against another corporation, where complaint failed to allege the parties' states of incorporation or their principal places of business. 28 U.S.C.A. § 1332(c)(1).

## 2. Federal Courts ⇐34

It is the plaintiff's burden to prove the existence of subject matter jurisdiction. Fed.Rules Civ.Proc.Rule 8(a)(1), 28 U.S.C.A.

## 3. Federal Courts ⇐286.1

In the case of diversity jurisdiction, diversity must be complete; i.e., no two parties on opposite sides of the "versus" may be citizens of the same state. 28 U.S.C.A. § 1332.

## 4. Federal Courts ⇐314

Diversity statute does not give the pleader an option of alleging that corporation's citizenship is its state of incorporation or alleging that it is the state where the company's principal place of business is located; pleader must denominate the corporation as being a citizen of both states. 28 U.S.C.A. § 1332(c)(1).

## 5. Federal Courts ⇐314

In a diversity action involving two corporations, the language of the complaint must include explicit allegations of each party's place of incorporation and of each party's principal place of business. 28 U.S.C.A. § 1332(c)(1).

## 6. Federal Courts ⇐89

Massachusetts was proper venue for diversity action based on contractor's alleged failure to pay subcontractor in full for work performed on steel erection contract in Massachusetts. Fed.Rules Civ.Proc.Rule 12(b)(3), 28 U.S.C.A.

## 7. Federal Civil Procedure ⇐1831

Whether non-assignment clause in the construction contract precluded breach of contract claim against contractor by alleged lienholder of subcontractor could not be determined on motion to dismiss; it could not be determined from the face of the complaint that there was a basis under state law to ignore the non-assignment clause. M.G.L.A. ch. 106, § 9–407.

## 8. Fraud ⇐11(1), 12

Under Massachusetts law, statement on which liability for misrepresentation may be based must be one of fact, not of expectation, estimate, opinion, or judgment; thus, false statements of opinion, of conditions to exist in the future, or of matters promissory in nature are not actionable.

## 9. Fraud ⇐45, 46

Allegations of subcontractor's alleged lienholder were insufficient to state misrepresentation and deceit claims against contractor under Massachusetts law; complaint failed to allege that plaintiff relied on contractor's alleged misrepresentation that subcontractor would be paid for its work or that such statements were false when made.

## 10. Federal Civil Procedure ⇐636

Requirement that fraud be pleaded with particularity applies to claims of misrepre-

sentation, as well as those labeled "fraud." Fed.Rules Civ.Proc.Rule 9(b), 28 U.S.C.A.

**11. Federal Civil Procedure ⬅636**

Fraud claim against contractor, based on contractor's alleged misrepresentation that subcontractor would be paid for its work, was not pled with sufficient particularity; complaint did not allege who made the statements, who relied on them, where or when they were made, or even the contents of the allegedly misleading comments. Fed.Rules Civ.Proc.Rule 9(b), 28 U.S.C.A.

**12. Federal Civil Procedure ⬅636**

Requirement that supporting facts be pleaded to support fraud claim applies even when the fraud relates to matters peculiarly within the knowledge of the opposing party. Fed.Rules Civ.Proc.Rule 9(b), 28 U.S.C.A.

**13. Federal Civil Procedure ⬅1748**

Whether subcontractor was a necessary party in action by alleged lienholder of subcontractor based on contractor's alleged failure to pay subcontractor in full could not be determined on motion to dismiss for failure to join an indispensable party, where it could not be determined whether terms of alleged lienholder's involvement would protect contractor from any claims by subcontractor. Fed.Rules Civ.Proc.Rules 12(b)(7), 19, 28 U.S.C.A.

**14. Federal Civil Procedure ⬅202**

Generally, a party to a contract which is the subject of the litigation is considered a necessary party. Fed.Rules Civ.Proc.Rule 19(a), 28 U.S.C.A.

---------

Guy E. Guarino, Club Way Ipswich, MA, for Blacksmith Investments, LLC Plaintiff.

Joseph A. Barra, Gadsby & Hannah LLP, Street Boston, MA, for Cives Steel Co., Inc. Defendant.

1.  The complaint refers to Boston Steel Erectors and Boston Steel & Precast Erectors. As there is no distinction made between the companies in

**ORDER**

GERTNER, District Judge.

Electronic Order entered granting [5] Motion to Dismiss without prejudice for failure to establish diversity jurisdiction and failure to state a claim upon which relief can be granted, denying [10] Blacksmith's Opposition Motion adopting Report and Recommendations [14], no objections having been filed.

*REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS*

DEIN, United States Magistrate Judge.

**I. INTRODUCTION**

The plaintiff, Blacksmith Investments, LLC ("Blacksmith"), has brought suit against Cives Steel Corp. ("Cives") seeking to recover amounts allegedly due from Cives to a non-party, Boston Steel Erectors, Inc. ("BSE"), under a construction contract.[1] The complaint sounds in three counts: breach of contract (Count I), misrepresentation (Count II), and deceit (Count III). Cives has moved to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). In addition, Cives contends that the complaint should be dismissed pursuant to Rules 12(b)(1), 12(b)(3) and 12(b)(7) on the grounds that the complaint fails to establish the diversity jurisdiction of this court, it fails to establish proper venue in this court, and the plaintiff has failed to join a necessary party, namely BSE. For the reasons detailed below, this court recommends to the District Judge to whom this case is assigned that Cives' motion to dismiss be ALLOWED, and that the complaint be dismissed without prejudice.

**II. STATEMENT OF FACTS**

When ruling on a motion to dismiss, the court must accept as true all well-pleaded facts, and give the plaintiff the benefit of all reasonable inferences. *See Cooperman v.*

the complaint, they will collectively and interchangeably be referred to as "BSE."

*Individual, Inc.,* 171 F.3d 43, 46 (1st Cir. 1999); *Dartmouth Review v. Dartmouth Coll.,* 889 F.2d 13, 16 (1st Cir.1989). Applying this standard to the instant case, the relevant facts are as follows:

BSE, a non-party to this action, entered into a subcontract agreement with the defendant, Cives, on July 17, 2002 for erection of structural steel on the Manulife Financial Center Building in Boston, Massachusetts. (*Contract* at ¶ 1).[2] According to the complaint, BSE completed its work and invoiced Cives for the full amount due under the contract. (*Complaint* (Docket No. 1) at ¶ 17). Cives paid BSE the sum of $3,671,390.03. (*Id.* at ¶ 11). However, Cives allegedly has an outstanding balance due BSE in the amount of $213,973.79, which Blacksmith is seeking to recover. (*Id.* at ¶¶ 12 and 13).

The factual basis for Blacksmith's claim that it is entitled to recover the amount that Cives allegedly owes to BSE is only hinted at in the complaint, and was clarified a bit at oral argument. Specifically, at some point BSE took out a loan from Citizens' Bank and secured it with, *inter alia,* the monies due under the contract between Cives and BSE. (*Id.* at ¶ 2). BSE allegedly defaulted on this loan. Subsequently, Blacksmith "paid the assignment and bank debt of [BSE] and in so doing [became the] signatory to a promissory note entitled to all the rights and remedies that the bank was entitled to as lien holder of [BSE]." (*Id.*). However, no details about the terms of either BSE's transaction with the bank, or Blacksmith's transactions with either the bank or BSE, are provided in the complaint.

In Count I of the complaint, Blacksmith alleges that Cives breached its contract with BSE by failing to pay the outstanding balance due BSE of $213,973.79. (*Id.* at ¶ 14(a)). Additionally, Blacksmith alleges that, "as lien holder" of BSE, Blacksmith is

entitled to recover the contract balance. (*Id.* at 14(c)).

In Count II, where Blacksmith alleges its claim for misrepresentation, Blacksmith alleges that Cives "represented [BSE] would be paid upon completion of their work in accordance with the terms of the Contract," BSE "reasonably relied upon the defendant that [BSE] would be paid in full" and Cives has failed to pay BSE or Blacksmith. (*Id.* at ¶¶ 16–19). Blacksmith further alleges that it is "entitled to recovery of those moneys" due from Cives. (*Id.* at ¶ 19(d)).

Finally, in Count III of the complaint, Blacksmith alleges that Cives is liable for deceit because Cives "led [BSE] to believe that upon completion of their work that [BSE] would be paid in full," BSE "reasonably relied" upon Cives' assertions that BSE would be paid, and Cives "deceived [BSE] with regard to timely payment." (*Id.* at ¶¶ 21–25).

Additional facts will be provided where appropriate.

## III. DISCUSSION

### A. *Lack of Subject Matter Jurisdiction*

Cives has moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. As Blacksmith has failed to plead sufficient facts to establish the diversity jurisdiction of the federal court, this court recommends that the motion to dismiss be allowed without prejudice.

[1] Blacksmith has alleged only that "[t]he plaintiff, Blacksmith Investments, is a limited liability corporation with offices at 11 Blacksmith Way, Saugus, Massachusetts" and that Cives "is a steel fabricator with an [sic] usual place of business at Riverside Drive, P.O. Box 859, Augusta, ME 04332." (*Complaint* at ¶¶ 1, 3). Even assuming that these allegations relate to the parties' principal places of business, absent allegations as

---

**2.** Cives has submitted a copy of the subcontract between Cives and BSE with the affidavit of its Accounting Manager, Martin Keniston. (Docket No. 7). Although the contract is not attached to the complaint, it may be considered in connection with the motion to dismiss. Where, as here, the "complaint's factual allegations are expressly

linked to—and admittedly dependent upon—a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)." *Beddall v. State Street Bank & Trust Co.,* 137 F.3d 12, 17 (1st Cir.1998).

to where the parties are incorporated, the allegations are insufficient to establish the existence of diversity jurisdiction.

**[2]** "It is the plaintiff's burden to prove the existence of subject matter jurisdiction." *Aversa v. United States,* 99 F.3d 1200, 1209 (1st Cir.1996). Fed.R.Civ.P. 8(a)(1) requires a complaint to contain "a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it." *See also Mamber v. Second Fed. Savings & Loan Ass'n of Boston,* 275 F.Supp. 170, 171 (D.Mass.1967) (failure to plead jurisdictional basis results in dismissal of complaint).

**[3–5]** "In the case of diversity jurisdiction, diversity must be complete; i.e., no two parties on opposite sides of the 'versus' may be citizens of the same state." *Comstock v. Pfizer Retirement Annuity Plan,* 524 F.Supp. 999, 1002 (D.Mass.1981). "A corporation is a citizen of both its place of incorporation and principal place of business" and the complaint must show both. *See* 28 U.S.C. § 1332(c)(1); *Comstock,* 524 F.Supp. at 1002 n. 4. "The statute does not give the pleader an option of alleging that the corporation's citizenship is its state of incorporation or alleging that it is the state where the company's principal place of business is located; the pleader must denominate the corporation as being a citizen of both states." 13B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* (Juris.2d) § 3624 (2004). Thus, "[i]t is well-settled that in a diversity action involving two corporations, the language of the complaint must include explicit allegations of each party's place of incorporation and of each party's principal place of business." *Jobbers Warehouse Serv. v. Maremont Corp.,* 453 F.Supp. 840, 841 (D.Mass.1978).

Since the plaintiff has failed to allege the parties' states of incorporation (or even their principal places of business), it has not dem-

onstrated the requisite diversity.[3] Consequently, this court recommends that the complaint be dismissed without prejudice, so that the plaintiff may properly allege the basis for diversity jurisdiction, if it exists. *See Comstock,* 524 F.Supp. at 1002.

## B.  *Improper Venue*

**[6]** Cives contends that the complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(3) because it "fails to include a statement of proper venue under 28 U.S.C. § 1391(a)." (*Cives Memo* (Docket No. 6) at 1). However, 28 U.S.C. § 1391(a) merely identifies the proper venue for diversity actions; it does not impose any specific pleading requirements. Similarly, Fed.R.Civ.P. 8, which defines the "general rules of pleading," does not require that a statement be included as to the appropriate venue. Accordingly, Cives' motion to dismiss for failure to include a statement of venue must fail.

Moreover, a "district court may examine facts outside the complaint to determine whether its venue is proper," 5B Wright & Miller, *Federal Practice and Procedure* § 1352 (Civ.3d) (2004), and a review of the complaint establishes that venue is proper in Massachusetts. In a diversity action such as this, assuming jurisdiction, venue properly lies in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a) (2004). In this case, since it is unclear whether Cives is a resident of this district, the court must decide whether "a substantial part of the events or omissions giving rise to the claim occurred" in Massachusetts. *See Uffner v. La Reunion Fran-*

---

3. Blacksmith cites *Gray v. Univ. of Kansas Med. Ctr., Coll. of Health Sciences, Sch. of Nursing,* 715 F.Supp. 1041 (D.Kan.1989), in support of its contention that it has sufficiently pleaded jurisdiction in this case. However, *Gray* specifically

addresses the sufficiency of pleadings relating to whether the defendant was being sued in an individual or official capacity. *Gray* does not address jurisdictional pleading requirements.

*caise, S.A.,* 244 F.3d 38, 42 (1st Cir.2001). To make this assessment, the court must look to "the entire sequence of events underlying the claim." *Id.*

Blacksmith alleges in the complaint that a contract was formed between BSE and Cives to perform steel erection work on the Manulife Building in Boston, Massachusetts. BSE did this work in Massachusetts and the dispute relates to whether BSE was paid in full for this work. It is clear, therefore, that "a substantial part of the events or omissions giving rise to the claim" occurred in Massachusetts, and venue is proper here. Moreover, the purpose of the venue statute is "to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial." *Id.* at 43 (quoting *Leroy v. Great W. United Corp.,* 443 U.S. 173, 183–84, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979). Cives has not alleged that it would be prejudiced in any way by trial in Massachusetts, nor has it argued that it is inconvenienced by having the litigation proceed here. Thus, this court recommends that Fed.R.Civ.P. 12(b)(3), improper venue, not be the basis for dismissal.

### C. *The Rule 12(b)(6) Motion to Dismiss*

Cives has moved to dismiss all counts of the complaint under Fed.R.Civ.P. 12(b)(6) for "failure to state a claim upon which relief can be granted." Specifically, Cives contends that Blacksmith can prove no set of facts in support of its claims for breach of contract, misrepresentation, and deceit which would entitle it to relief. Cives further argues that the claims for misrepresentation and deceit should be dismissed because Blacksmith has failed to plead fraud with the specificity required under Fed.R.Civ.P. 9(b). Since these issues are likely to arise again if the plaintiff can establish diversity jurisdiction, they will be addressed briefly.

### 1. *Standard of Review*

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleadings. Thus, when confronted with a motion to dismiss the court accepts as true all well-pleaded facts and draws all reasonable inferences in favor of the plaintiff. *Dartmouth Review,* 889 F.2d at 16. "Dismissal under Fed.R.Civ.P.

12(b)(6) is only appropriate if the complaint, so viewed, presents no set of facts justifying recovery." *Cooperman,* 171 F.3d at 46; *Conley v. Gibson,* 355 U.S. 41, 45–48, 78 S.Ct. 99, 101–103, 2 L.Ed.2d 80 (1957).

Under Fed.R.Civ.P. 8(a), a plaintiff is required to submit "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). Plaintiffs are only obligated to set forth in their complaint "factual allegations either direct or inferential, regarding each material element necessary to sustain recovery under some actionable legal theory." *Raytheon Co. v. Continental Casualty Co.,* 123 F.Supp.2d 22, 27 (D.Mass.2000) (quoting *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 515 (1st Cir.1988)). "The Rules 'do not require a claimant to set out in detail the facts upon which he bases his claims.'" *Id.* (quoting *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993)).

Applying these principles to the instant case, this court concludes that the claims should be dismissed.

### 2. *Breach of Contract Claim*

[7] Cives contends that Count I of the complaint for breach of contract should be dismissed because the plaintiff Blacksmith is not a party to the contract, and the contract which the plaintiff is seeking to enforce expressly provides that it cannot be assigned without Cives' consent, which has not been granted. Thus, the Cives/BSE contract provides:

> Subcontractor [BSE] ... shall not assign or transfer the Subcontract, or funds due hereunder, without the prior written consent of Contractor [Cives] and Subcontractor's surety.

*(Contract at ¶ 16).*

Due to the lack of any adequate information in the complaint as to the circumstances or terms by which Blacksmith purports to have acquired its interest in the contract, this court recommends that the motion to dismiss be allowed. Despite the liberal pleading requirements of Fed.R.Civ.P. 8(a), the complaint fails to set forth sufficient allegations

to establish that Blacksmith is entitled to relief because it contains no information which would invalidate the non-assignment clause. While there are circumstances where such clauses are not enforceable, *see, e.g.,* Mass. Gen. Laws ch. 106, § 9–407 (non-assignment clause ineffective in a promissory note), it cannot be determined from the face of the complaint that there is a basis to ignore the non-assignment clause here. Therefore, dismissal without prejudice is appropriate. A more definite determination as to whether the non-assignment clause in the construction contract precludes the instant suit by Blacksmith should await further pleadings.

### 3. *Misrepresentation and Deceit Claims*

Cives has moved to dismiss Counts II (misrepresentation) and III (deceit) of the complaint on the grounds that they fail to state a claim upon which relief can be granted and because the plaintiff has failed to plead fraud with particularity as required by Fed.R.Civ.P. 9(b). For the reasons detailed below, this court recommends that the motion to dismiss these counts be allowed as well.

### a. *Sufficiency of the Pleadings*

In connection with its claims for misrepresentation and deceit, Blacksmith alleges that the defendant misrepresented that BSE would be paid for its work. (*Complaint* at ¶ 19(a)). Specifically, in connection with its misrepresentation claim plaintiff has alleged that "[d]efendant represented [BSE] would be paid upon completion of their work in accordance with the terms of the Contract" (*id.* at ¶ 16), BSE completed the contract work and extras (*id.* at ¶ 17), BSE "reasonably relied upon the defendant that [BSE] would be paid in full" (*id.* at ¶ 18), and BSE has not been paid for the contract and extra work. (*Id.* at ¶ 19). In connection with its claim for deceit, Blacksmith has added that "[d]efendant led [BSE] to believe that upon completion of their work, that [BSE] would be paid in full" (*id.* at ¶ 21), BSE "reasonably relied upon the Cives assertions that [BSE] would be paid" (*id.* at ¶ 22), BSE has not been paid in full (*id.* at ¶ 23), "[d]efendant

has deceived [BSE] with regard to timely payment" (*id.* at ¶ 24), and BSE "has been damaged as a result of [d]efendant's acts and conduct." (*Id.* at ¶ 25). These allegations are insufficient to support the claims of misrepresentation and deceit.

[8] As an initial matter, it must be noted that Blacksmith is relying on basically the same allegations in both counts of its complaint. Since "the tort of misrepresentation [is] also referred to as 'fraud or deceit,'" the same elements are required to be alleged in both Counts II and III of the instant complaint. *Damon v. Sun Co., Inc.,* 87 F.3d 1467, 1471 (1st Cir.1996). *Accord Yerid v. Mason,* 341 Mass. 527, 529, 170 N.E.2d 718, 719 (1960) (the same standard is applied to actions for misrepresentation and deceit). To sustain its claims, Blacksmith "must allege and prove that the defendant made a false representation of a material fact with knowledge of its falsity for the purpose of inducing the plaintiff to act thereon, and that the plaintiff relied upon the representation as true and acted upon it to his damage." *Barrett Assoc., Inc. v. Aronson,* 346 Mass. 150, 152, 190 N.E.2d 867, 868 (1963) (internal quotations omitted). "A statement on which liability for misrepresentation may be based must be one of fact, not of expectation, estimate, opinion, or judgment." *Zimmerman v. Kent,* 31 Mass.App.Ct. 72, 79, 575 N.E.2d 70, 76 (Mass.App.Ct.1991). Thus, "false statements of opinion, of conditions to exist in the future, or of matters promissory in nature are not actionable." *Yerid v. Mason,* 341 Mass. at 530, 170 N.E.2d at 720.

[9] The allegations of the complaint are insufficient to support Blacksmith's claims for a number of reasons. First of all, the plaintiff must prove that *it* relied on the alleged misrepresentation. *See Zimmerman v. Kent,* 31 Mass.App.Ct. at 77, 575 N.E.2d at 74. In the instant case, the complaint makes it clear that the plaintiff Blacksmith was not involved in the contract under which it is seeking to collect, and clearly did not participate in the alleged conversations on which the misrepresentation and deceit claims are based. Since the complaint fails to allege the material element of reliance, it should be dismissed.

Secondly, the complaint fails to allege that the statements as to Cives' future conduct (*i.e.*, Cives would pay BSE at the end of the contact for work performed) were false when made. *See* Restatement (Second) of Contracts § 171(a) and cmt. (b) (1981). Cives' intention not to perform in the future cannot be established merely by its subsequent non-performance. *Id.* at cmt. (b). Since the allegations merely relate to an expression of "expectation, estimate, opinion or judgment" and not to a statement of fact, Counts II and III should be dismissed.

### b. *Pleading Fraud with Particularity*

Cives also argues that the complaint should be dismissed because Blacksmith has failed to plead fraud with particularity, as required under Fed.R.Civ.P. 9(b). Blacksmith contends that it has met the pleading requirements because it has not alleged fraud as a count in the complaint, and because the pleading requirements for fraud are relaxed when the facts on which the allegations are based are exclusively within the defendant's control. For the reasons detailed herein, this court recommends that these counts be dismissed for failure to plead fraud with particularity.

[10] Fed.R.Civ.P. 9(b) requires "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b). Despite the plaintiff's argument to the contrary, this pleading requirement applies to claims of misrepresentation, as well as those labeled "fraud." *Powers v. Boston Cooper Corp.*, 926 F.2d 109, 111 (1st Cir.1991) and cases cited. *See also Jurgens v. Abraham*, 616 F.Supp. 1381, 1386 (D.Mass.1985) (not necessary to use the word "fraud" to state a claim of fraud).

[11] "The clear weight of authority is that Rule 9 requires specification of the time, place and content of an alleged false representation, but not the circumstances or evidence from which fraudulent intent could be inferred." *McGinty v. Beranger Volkswagen, Inc.*, 633 F.2d 226, 228 (1st Cir.1980), and cases cited. In the instant case, there is no specificity as to any of those elements—the complaint does not allege who made the

statements, who relied on them, where or when they were made, or even the contents of the allegedly misleading comments. Under such circumstances, the complaint should be dismissed.

[12] Finally, Blacksmith's argument that the requirements for pleading fraud are relaxed when the facts relating to the alleged fraud are in control of the defendant fails in light of the deficiencies of the complaint. "[C]ourts have uniformly held inadequate a complaint's general averment of the defendant's 'knowledge' of material falsity, unless the complaint *also* sets forth specific facts that make it reasonable to believe that defendant knew that a statement was materially false or misleading." *Greenstone v. Cambex Corp.*, 975 F.2d 22, 25 (1st Cir.1992). Furthermore, "[t]he requirement that supporting facts be pleaded applies even when the fraud relates to matters peculiarly within the knowledge of the opposing party." *Id.* (quoting *Romani v. Shearson Lehman Hutton*, 929 F.2d 875, 878 (1st Cir.1991) and additional cases cited). Therefore, even assuming that the alleged fraud relates to matters peculiarly within Cives' knowledge, the total absence of supporting facts mandates the conclusion that Counts II and III should be dismissed.

### D. *Failure to Join BSE as an Indispensable Party*

[13] Cives argues that the complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(7) because Blacksmith has failed to join BSE as a necessary party to the action. Cives contends that under the contract claims, BSE is a necessary party because it has the ability to sue on the contract, leaving Cives open to a "substantial risk of incurring double or inconsistent liability." (*Cives Memo* at 6). Blacksmith asserts that BSE is not a necessary party because it is entitled to enforce the rights of BSE, and has the capacity to recover damages between Cives and BSE. Because the terms by which Blacksmith acquired the right to enforce BSE's contractual rights are unknown to the court at this time, it is premature to determine

whether BSE must be joined as an indispensable party.

"The question of whether [BSE] is an indispensable party is governed by Rule 19, Fed.R.Civ.P. This is a two part inquiry. First, the party must be a necessary party under Rule 19(a) . . . , and then it must be an indispensable party under Rule 19(b)." *United States v. San Juan Bay Marina*, 239 F.3d 400, 405 (1st Cir.2001) (citations omitted). In the instant case, Cives does not reach the issue whether BSE is an indispensable party, but argues that BSE is a necessary party under Rule 19(a) and that its absence requires dismissal of the complaint. Rule 19(a) provides in relevant part that a person shall be joined as a necessary party if:

(1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed.R.Civ.P. 19(a).

[14]   As a general statement, "[i]t is well established that a party to a contract which is the subject of the litigation is considered a 'necessary' party." *Sever v. Glickman*, 298 F.Supp.2d 267 (D.Conn.2004); and cases cited. Blacksmith argues that the terms of its involvement would protect Cives from any claims by BSE. Since, however, the terms of

Blacksmith's involvement are not presently before the court, it is premature to address the need to include BSE. "A defense of failure to join an indispensable party, Fed. R.Civ.P. 12(b)(7), may be made at any time before the end of trial. Fed.R.Civ.P. 12(h)(2)." *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 184 F.Supp.2d 55, 77 (D.Mass.2001). Therefore, Cives has the ability to renew its motion at an appropriate time, and this court recommends that the motion to dismiss insofar as it is based on Fed.R.Civ.P. 12(b)(7) be denied without prejudice.

## IV.   CONCLUSION

For all the reasons detailed herein, this court finds that the complaint fails to establish diversity jurisdiction in this court, fails to state a claim upon which relief can be granted, and fails to allege fraud with the required particularity. Therefore, this court recommends to the District Judge to whom this case is assigned that Cives' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) (Docket No. 5) be allowed, and that the complaint be dismissed without prejudice.[4]

January 27, 2005.



4.   The parties are hereby advised that under the provisions of Fed.R.Civ.P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review. *See*

*Keating v. Sec'y of Health & Human Services*, 848 F.2d 271, 275 (1st Cir.1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir.1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604–605 (1st Cir.1980); *United States v. Vega*, 678 F.2d 376, 378–79 (1st Cir.1982); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir.1983); *see also Thomas v. Arn*, 474 U.S. 140, 153–54, 106 S.Ct. 466, 474, 88 L.Ed.2d 435 (1985). *Accord Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 3–4 (1st Cir.1999); *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150–51 (1st Cir.1994); *Santiago v. Canon U.S.A., Inc.*, 138 F.3d 1, 4 (1st Cir.1998).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BLACKSMITH INVESTMENTS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C. A. No. 05-11567-NG |
| CIVES STEEL COMPANY, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## EXHIBIT B

### TO

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
Docket No.

04   10369 NG

| | |
|---|---|
| BLACKSMITH INVESTMENTS, LLC. | ) |
| Plaintiff, | ) |
| Vs. | ) |
| | ) **COMPLAINT** |
| CIVES STEEL CO., INC., | ) |
| NEW ENGLAND DIVISION | ) |
| Defendant, | ) |

### GENERAL ALLEGATIONS

1. The Plaintiff, Blacksmith Investments, LCC is a limited liability Corporation with offices at 11 Blacksmith Way, Saugus, Massachusetts.

2. Plaintiff Blacksmith Investments, LLC paid the assignment and bank debt of Boston Steel Erectors, Inc. and Boston Steel & Precast Erectors, Inc. and in so doing is signatory to a promissory note entitled to all the rights and remedies that the bank was entitled to as lien holder of Boston Steel Erectors, Inc. and Boston Steel & Precast Erectors, Inc.

3. Defendant Cives Steel Co., Inc., New England Division, hereinafter Cives, is a steel fabricator with an usual place of business at Riverside Drive, P.O. Box 859, Augusta, ME  04332.

4. Boston Steel & Precast Erectors, Inc., hereinafter BSPE, subcontracted with Cives for the Manulife project, Boston, Massachusetts.

5. BSPE interests are those of Blacksmith Investments, LLC.

6. Defendant Cives, is signatory to Contract with BSPE and modifications to that contract for change orders it issued and otherwise directed BSPE to perform.

COUNT I.        BREACH OF CONTRACT

7. Plaintiff realleges the allegations set forth in paragraphs one through six of the Complaint.

8. Boston Steel & Precast Erectors, Inc. contracted with Cives, as a steel erector for the project known as Manulife.

9. Defendant Cives contract with BSPE, including extras, is the sum of $3,885,363.82.

10. Defendant Cives contracted to pay BSPE $3,883,363.82 for erection of steel at the Manulife project.

11. Defendant Cives payments to BSPE and to BSPE sub-subcontractors on behalf of BSPE is the sum of $3,671,390.03.

12. Defendant Cives has an outstanding balance due BSPE/Blacksmith in the amount of $213,973.79 on the original contract.

13. Defendant Cives has failed to pay and has refused to pay BSPE/Blacksmith Investments LLC the balance due of $213,973.79.

14. Plaintiff, Blacksmith Investments, LLC states that it is owed the total sum of $213,973.79, moneys otherwise payable to BSPE.

Wherefore, Plaintiff Blacksmith Investments, LLC respectfully request the following relief:

    a. That the Court find Defendant Cives breached the Contract in the amount of $213,973.79;

    b. That the Court find Defendant Cives breached the Contract for written change orders and such other oral change orders directed by Cives to be performed by Boston Steel & Precast Erectors, Inc.;

    c. That Plaintiff Blacksmith Investments, LLC as lien holder of Boston Steel & Precast Erectors, Inc. is entitled to the contract balances and change orders subject of this action;

    g. Such other relief as is just and reason reasonable.

2

**COUNT TWO:    MISREPRESENTATION**

15.  Plaintiff realleges the allegations set forth in
     paragraphs one through fourteen of the Complaint.

16.  Defendant represented Boston Steel & Precast Erectors,
     Inc. would be paid upon completion of their work in
     accordance with the terms of the Contract.

17.  Plaintiff Blacksmith Investments LLC states that Boston
     Steel & Precast Erectors, Inc. has completed all contract
     work, and extras, for which it invoiced Cives.

18.  Plaintiff Blacksmith Investments LLC says that Boston
     Steel & Precast Erectors, Inc. reasonably relied upon the
     defendant that BSPE would be paid in full.

19.  Defendant has failed to pay BSPE or Blacksmith
     Investments LLC in full for the completed Contract and
     extra work.

     Wherefore, Plaintiff Blacksmith Investments LLC
     respectfully requests the following relief:

     a.   That the Court find Defendant misrepresented
          payment of contract and extra work would be paid
          BSPE;

     b.   That the Court find Defendant withheld payment to
          BSPE based upon a misrepresentation;

     c.   That to have withheld moneys otherwise due BSPE
          entitles Plaintiff to recover their reasonable
          legal fees and costs;

     d.   That to the extent BSPE is due money from the
          Defendant, Plaintiff Blacksmith Investments LLC
          is entitled to recovery of those moneys;

     e.   Such other relief as is just and reasonable.

**COUNT THREE:   DECEIT**

20.  Plaintiff realleges the allegations set forth in
     paragraphs one through nineteen of the Complaint.

3

21. Defendant led Boston Steel & Precast Erectors, Inc. to believe that upon completion of their work, that BSPE would be paid in full.

22. Boston Steel & Precast Erectors, Inc. reasonably relied upon the Cives assertions that BSPE would be paid.

23. Boston Steel & Precast Erectors, Inc. have not been paid in full.

24. Defendant has deceived BSPE with regard to timely payment.

25. Boston Steel & Precast Erectors, Inc. has been damaged as a result of Defendant's acts and conduct.

Wherefore, Plaintiff Blacksmith Investments, LLC respectfully request the following relief:

a. That the Court find Defendant deceived BSPE that defendants have written BSPE authorization to withhold payments;

b. That the Court find Defendant deceived BSPE;

c. That the Court award Plaintiff their reasonable legal fees and costs;

d. That the Court award Plaintiff the contract and extras due on the aforementioned project;

e. Such other relief as is just and reasonable.

Blacksmith Investments, LLC
By their Attorney,

Guy E. Guarino
BBO No. 213960
72 Country Club Way
Ipswich, MA 01938
(978) 356-7500

Dated:    February 19, 2004

4



**KILPATRICK STOCKTON LLP**

Attorneys at Law

Suite 2800  1100 Peachtree St.
Atlanta GA 30309-4530
t 404 815 6500  f 404 815 6555
www.KilpatrickStockton.com

direct dial 404 815 6104
direct fax 404 541 3183
BDorris@KilpatrickStockton.com

March 19, 2004

**VIA FACSIMILE & U.S. MAIL**

Guy E. Guarino, Esq.
72 Country Club Way
Ipswich, Massachusetts  01938

>    Re:    *Blacksmith Investments, LLC v. Cives Steel Co., Inc.,*
>            *New England Division*

Dear Guy:

I am writing to follow up our telephone conversation today regarding this matter.  Thank you for agreeing that Cives Steel Company has through Friday, April 16, 2004 within which to plead in response to the complaint.  As I indicated to you, Cives does not believe that it was properly served with the complaint, but in return for your agreeing to this date for responsive pleadings, Cives agrees to waive service of a summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.

Once I have been able to associate Boston counsel, we will be back in touch with you.

Very truly yours,

William E. Dorris

WED/fbl
cc:    Ryan J. Lieberman, Esq. (via fax)

ATLANTA  AUGUSTA  CHARLOTTE  LONDON  RALEIGH  STOCKHOLM  WASHINGTON  WINSTON-SALEM