UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

BLACKSMITH INVESTMENTS, LLC,    )
              Plaintiff,    )
v.    )    C. A. No. 0S-11567-NG
                  )
CIVES STEEL COMPANY,    )
              Defendant,    )

**PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S MOTION
TO DISMISS THE AMENDED COMPLAINT**

    Plaintiff Blacksmith Investments, LLC moves in opposition to Defendant Cives Steel Company on the grounds that Blacksmith Investments LLC is entitled to recover the Boston Steel & Precast Erectors, Inc. debtor's accounts, here Cives Steel Company. When Blacksmith Investments, LLC. paid the Boston Steel & Precast Erectors, Inc. Citizens Bank note, it became a lien holder, just as Citizens Bank was lien holder.

    On September 29, 2004 Boston Steel & Precast Erectors, Inc. provided Blacksmith with the contract right to collect all of Boston Steel & Precast Erectors, Inc. receivables. This would necessarily include moneys due Boston Steel & Precast Erectors, Inc. contract balances with Cives Steel Company. The Manulife Financial Center building had been completed by Boston Steel & Precast Erectors, Inc. prior to that time.

    No assignment of Boston Steel & Precast Erectors, Inc. funds exist to which Cives Steel Company refers. No assignment of Boston Steel & Precast Erectors, Inc. subcontract work to others exists. Boston Steel & Precast Erectors, Inc. did not transfer any of it's construction work under the Cives-BSPE Contract. BSPE completed the work with their own forces, and was not paid by Cives. No Cives Steel Company funds were assigned to Citizen's Bank prior to BSPE default on the Citizens Bank Note. Citizen's Bank was entitled to the Boston Steel & Precast Erectors, Inc. assets at the time of default.

    Blacksmith Investments LLC purchased the Citizens Bank Note whereby Citizens would have the right to BSPE assets, including then outstanding BSPE accounts receivables. Citizens' right as lien holder resulted when BSPE defaulted. There was no consent required of Cives as there no Cives funds transferred when the Citizens Bank loan agreement was initiated.

One could argue that Cives by failure to make timely payments, unreasonably withheld payments, and in part caused lack of payment of the note and activation of default upon the Citizens Bank Note. Cives, "unclean hands" failure to make timely payment to BSPE contributed to the BSPE default.

Blacksmith's claim against Cives for breach of contract will not fail as Blacksmith stands in the shoes of the Citizens Bank, as lien holder, to recover BSPE debtors contract balances. Neither Blacksmith nor Citizens Bank would require privity of contract with Cives to recover debtor's accounts.

Blacksmith seeks to enforce BSPE rights to accounts receivables in the Cives contract with BSPE. Restitution, unjust enrichment are equitable legal theories that are applicable where a third party does not, as here Blacksmith, have privity of contract.

Blacksmith seeks recovery for Cives Breach of Contract with BSPE. Blacksmith, says as lien holder, that it is entitled to assert the claims of BSPE. Blacksmith may be said to have under restitution, a quasi-contract, an implied in fact contract, that has unjustly enriched Cives Steel Company. Unjust enrichment, a windfall, will be realized by Cives Steel Company if the $213,973.79 debtors account is not paid to Blacksmith. Cives does not contest the accounts payable of $213,979.73.

On restitution, equitable level, Cives is precluded from dismissal of the count, breach of contract, on the basis of lack of privity. Blacksmith is a third party unable to file a mechanics lien. Blacksmith is able to rely upon an equitable recovery. Blacksmith is able to recover on the basis of the entitlement provided by the written agreement between Blacksmith and Boston Steel & Precast Erectors, Inc., to BSPE accounts receivables.

Cives is debtor. Payment of $213,973.79 is past due and owing to Boston Steel & Precast Erectors, Inc. Blacksmith as lien holder is entitled to this BSPE debtors accounts receivables. Blacksmith by written agreement with Boston Steel & Precast Erectors, Inc. is entitled to the Cives accounts receivable. The Cives Manulife project was completed before September 29, 2004.

While Blacksmith is not signatory to the Cives-BSPE Contract, Blacksmith is entitled to the moneys otherwise due BSPE as lien holder.

Plaintiff's Complaint does not allege assignment. The non-assignment Cives-BSPE Contract language is not broad. It is limited to not sub-contracting BSPE work to another sub-contractor, not applicable here. It is limited to not assigning or transferring the subcontract, not applicable here. It is limited to not transferring Cives funds. BSPE did not transfer Cives funds to Bank nor to Blacksmith during the course of the construction work at Manulife. Cives cannot prove any transfer of Cives funds to Citizens Bank or to Blacksmith.

This, a 12(b)(6) motion, requires Cives Steel Company to establish issues without question of any material fact. At the least questions of material facts exist.

Plaintiff's Complaint alleges that Blacksmith paid the Bank debt of BSPE and in so doing is entitled to the rights Citizens Bank has as lien holder. As lien holder Blacksmith is entitled to recover debtors accounts. Cives Steel Company is such account.

Blacksmith may also recover pursuant to the January 29, 2004 Blacksmith Settlement Agreement with B. MacInnis, that all BSPE receivables are to be paid to Blacksmith.

Plaintiff, Blacksmith Investments, LLC further relies upon their Memorandum of Law submitted with this motion.

Respectfully submitted,
Blacksmith Investments, LLC,
By their attorney,

Guy R. Guarino
BBO NO. 213960
72 Country Club Way
Ipswich, MA  01938

Dated: November 23, 2005

3