UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                              )
BLACKSMITH INVESTMENTS, LLC,  )
                              )
            Plaintiff,        )
                              )
    v.                        )
                              )   C. A. No. 05-11567-NG
CIVES STEEL COMPANY,          )
                              )
            Defendant.        )
                              )
_____)

### DEFENDANT'S REPLY BRIEF
### in further support of
### MOTION TO DISMISS

Defendant Cives Corporation (sued herein as Cives Steel Company) ("Cives") submits this Reply Brief in further support of its Motion to Dismiss and in reply to the opposition of the plaintiff, Blacksmith Investments, LLC ("Blacksmith") to said Motion. This Reply Brief is made necessary because (i) Blacksmith's opposition misconstrues the law of assignments with the law of liens, (ii) Blacksmith's opposition draws a false distinction between "funds due" and "accounts receivable" under the Cives/BSE Contract, (iii) BSE's pledge of "funds due" under the Cives/BSE Contract to Citizens Bank would constitute an *assignment* and thus is prohibited by the Cives/BSE Contract's non-assignment provision, and (iv) Cives never agreed to waive its right to enforce the anti-assignment clause contained in the Cives/BSE Contract.

### ARGUMENT
### Blacksmith may not avoid the Contract's
### non-assignment clause by characterizing its claim as a lien.

It has been long recognized in Massachusetts that "the pledge of collateral as <u>security</u> for a loan [constitutes] a voluntary <u>assignment</u>." *In re Enrique M. Fraden, Sr.*, 317 B.R. 24, 26

(D.Mass. 2004) (*citing Midland States Life Insurance Co. v. Cardillo*, 59 Mass.App.Ct. 531 (2003) (emphasis added). *See, also, O'Connell v. Worcester*, 225 Mass. 159 (1916); *Heffernan v. Wollaston Credit Union*, 30 Mass.App.Ct. 171 (1991)). *See, also, O'Connell*, 225 Mass. at 161 ("An order given as security for a present indebtedness operates as an assignment"); *In re Enrique M. Fraden, Sr.*, 317 B.R. at 26. Moreover, Massachusetts law is clear that "[a] lien is ordinarily security for a debt, duty or other obligation." *See Hurley v. Boston Railroad Holding Co.*, 315 Mass. 591, 608 (1944) (emphasis added).

Thus, no matter how Blacksmith characterizes BSE's transaction with Citizens Bank, BSE's attempt to pledge its interest in the Cives/BSE Contract constituted an *assignment* which is prohibited by the very terms of the Cives/BSE Contract.

### There is no distinction between "funds due" and "accounts receivable" under the Cives/BSE Contract.

Blacksmith argues, incorrectly, that the prohibition against assigning "fund due" contained in the Cives/BSE Contract is not at issue here, and that the provision does not apply to the pledge of "accounts receivable" under the Cives/BSE Contract. However, Blacksmith has failed to meet its burden of demonstrating that there is a legal difference between these two terms.

Black's Law Dictionary defines "account receivable" as "An account reflecting a balance owed by a debtor; a debt owed by a customer to an enterprise for goods or services. *Black's Law Dictionary*, p. 17 (7th ed. 1999). Black's also defines "due" as "Owing or payable; constituting a debt." *See id.*, p. 515. Thus it is clear that Blacksmith's attempt to draw a distinction between funds allegedly "due" under the Cives/BSE Contract and "accounts receivable" under the Cives/BSE Contract is a distinction without difference.

2

B0442549v1

### Blacksmith's has not provided a *direct benefit* to Cives.

In its Opposition, Blacksmith admits that unjust enrichment requires "...a *direct benefit* conferred by one party by another." *See Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Amended Complaint*, p. 4 (*citing Taylor Woodrow Blitman v. Southfield Gardens Co.*, 534 F.Supp. 340 (D.Mass. 1982) (emphasis added). However, Blacksmith does not and cannot allege that it provided a *direct benefit* to Cives. It is undisputed that Blacksmith did not provide any labor or materials to Cives. In the absence of any such benefit, Blacksmith's claim for *quantum meruit*/implied contract and unjust enrichment must fail.

### Cives did not agree to waive its right to enforce the non-assignment clause.

This Court dismissed Blacksmith's original complaint in part, because of Blacksmith's inability to demonstrate why the non-assignment clause should not be enforced. As is clear from Blacksmith's submissions herein, Blacksmith has again failed to take the Court's advice. Cives *never* agreed to waive its right to enforce the non-assignment clause. Cives simply had no incentive to do so.

In fact, Cives reminded Blacksmith of the Court's cautionary note before Blacksmith filed its Amended Complaint. Accordingly, it should come as no surprise to Blacksmith that Cives has again relied upon the very terms of the Cives/Blacksmith Contract to defeat Blacksmith's claims.

### CONCLUSION

Cives' Motion to Dismiss should be granted because (i) Blacksmith's opposition misconstrues the law of assignments and the law of liens, (ii) Blacksmith's opposition draws a false distinction between "funds due" and "accounts receivable" under the Cives/BSE Contract, (iii) BSE's pledge of "funds due" under the Cives/BSE Contract to Citizens Bank would

3

B0442549v1

constitute an *assignment* and thus is prohibited by the Cives/BSE Contract's non-assignment provision, and (iv) Cives never agreed to waive its right to enforce the anti-assignment clause contained in the Cives/BSE Contract.

> Respectfully submitted,
> CIVES CORPORATION,
> By its attorneys,
>
> /s/ John P. Martin
> Joseph A. Barra, BBO # 632534
> jbarra@ghlaw.com
> John P. Martin, BBO # 637667
> jmartin@ghlaw.com
> Gadsby Hannah LLP
> 225 Franklin Street
> Boston, MA  02110
> (617) 345-7000

Dated: January 6, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of Cives' Reply Brief in further support of Defendant's Motion to Dismiss was served upon the opposing party in this action by fax and United States mail, postage prepaid to the following address:

> Guy E. Guarino, Esq.
> BBO # 21396
> 72 Country Club Way
> Ipswich, Massachusetts  01938

> By:   /s/ John P. Martin
>
> Date:   January 6, 2005

4

B0442549v1