UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BLACKSMITH INVESTMENTS, LLC., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| v. | ) | NO. 05-11567-NG |
| | ) | |
| CIVES STEEL COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION TO DISMISS**

July 11, 2006

DEIN, U.S.M.J.

## I. INTRODUCTION

In this action, the plaintiff, Blacksmith Investments, LLC ("Blacksmith"), is seeking to recover amounts allegedly due from the defendant, Cives Steel Company ("Cives"), to a non-party, Boston Steel & Precast Erectors, Inc. ("BSPE"), under the terms of a construction contract between Cives and BSPE. Blacksmith claims that it is entitled to recover under the contract as a result of its acquisition of lien holder rights against BSPE's assets, including receivables due to BSPE under its agreement with Cives. Cives contends that a non-assignment clause in its contract with BSPE effectively bars Blacksmith from pursuing any claims against it.

Blacksmith first brought suit against Cives on February 24, 2004, alleging claims for breach of contract, misrepresentation and deceit. This court dismissed that action

without prejudice on the grounds that Blacksmith had failed to establish diversity jurisdiction, to state a claim for relief, and to allege fraud with particularity. On July 20, 2005, Blacksmith commenced the present action against Cives. In its Amended Complaint, Blacksmith asserts claims for breach of contract (Count I), quantum meruit implied contract (Count II), and unjust enrichment (Count III).

Presently before the court is the "Defendant's Motion to Dismiss the Amended Complaint" (Docket No. 6) by which Cives is seeking dismissal, pursuant to Fed. R. Civ. P. 12(b)(6), of each of the counts of the Amended Complaint for failure to state a claim. Cives also is seeking an award of its costs, including its reasonable attorneys' fees, incurred in connection with the preparation of its motion and accompanying memorandum of law.[1] For the reasons detailed below, this court recommends to the District Judge to whom this case is assigned that Cives' motion to dismiss be ALLOWED with respect to Counts II and III, but DENIED with respect to Count I. This court further recommends that the defendant's request for costs be denied.

## II.  STATEMENT OF FACTS

When ruling on a motion to dismiss, the court must accept as true all well-pleaded facts, and give the plaintiff the benefit of all reasonable inferences. See Cooperman v.

---

[1] Blacksmith has filed, along with its memorandum in opposition to the defendant's motion to dismiss, a document entitled "Plaintiff's Motion in Opposition to Defendant's Motion to Dismiss the Amended Complaint" (Docket No. 11), which does not purport to seek relief beyond the denial of the defendant's motion. Accordingly, the court will construe it simply as part of Blacksmith's opposition to the motion to dismiss.

Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999); Dartmouth Review v. Dartmouth Coll., 889 F.2d 13, 16 (1st Cir. 1989).  Applying this standard to the instant case, the relevant facts are as follows:

The plaintiff, Blacksmith, is a Massachusetts limited liability corporation with a principal place of business in Saugus, Massachusetts.  (Am. Compl. (Docket No. 4) at ¶ 1).  Defendant Cives is a Maine corporation with a principal place of business in Augusta, Maine.  (Id. at ¶ 5).  Cives is in the business of steel fabrication.  (Id.).

### The Contract Between Cives and BSPE

On July 17, 2002, Cives entered into a subcontract agreement with BSPE, a non-party to this action, whereby Cives agreed to pay BSPE for the erection of structural steel on the Manulife Financial Center Building in Boston, Massachusetts ("Cives/BSPE Contract").  (Contract at ¶ 1).[2]  The agreement contains a non-assignment clause, which provides in relevant part:

> Subcontractor shall not sub-subcontract its Work under this Subcontract and shall not assign or transfer this Subcontract, <u>or funds due hereunder</u>, without the prior written consent of Contractor and Subcontractor's surety.

(Id. at ¶ 16 (emphasis added)).  Cives contends that this provision prohibited BSPE from

---

[2] Cives submitted a copy of its subcontract agreement with BSPE, which is attached to the Affidavit of Martin Keniston, Cives' Accounting Manager.  (Docket No. 8).  This court may consider the Contract in connection with the motion to dismiss.  Where, as here, the "complaint's factual allegations are expressly linked to - and admittedly dependent upon - a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)."  Beddall v. State Street Bank & Trust Co., 137 F.3d 12, 17 (1st Cir. 1998).

assigning its right to any payments under the Cives/BSPE Contract, and as a result, precludes Blacksmith's claims against it. (Def.'s Mem. (Docket No. 7) at 4). Blacksmith asserts that, notwithstanding the contract terms, it is entitled to seek payments due under the Contract based on its acquisition of lien holder rights against BSPE's assets. (Pl.'s Mem. (Docket No. 12) at 2).

According to the Amended Complaint, BSPE completed all of the work called for under the Cives/BSPE Contract, including all extra work that BSPE was required to perform in accordance with change orders that Cives executed and issued to BSPE. (Am. Compl. at ¶¶ 8, 20). Consequently, Cives was obligated to pay BSPE $3,885,363.82. (Id. ¶ 14). Cives has paid BSPE $3,671,390.03. (Id. at ¶ 15). Thus, Cives allegedly has an outstanding balance of $213,917.79 due to BSPE, which Blacksmith is seeking to recover in this action. (Id. at ¶¶ 16, 18).

## Blacksmith's Acquisition of a Lien Against BSPE's Assets

On January 29, 2002, before entering into the subcontract with Cives, BSPE obtained a loan from Citizens Bank for $1.2 million. (Id. at ¶ 2; Pl.'s Mem. (Docket No. 12) at Ex. 2, ¶ C).[3] The loan was secured by certain of BSPE's assets, including

---

[3] Blacksmith has submitted, as Exhibit 1 to its memorandum in opposition to Cives' motion to dismiss (Docket No. 12), an agreement between Blacksmith and Citizens Bank which, according to Blacksmith, concerns Blacksmith's acquisition of the Bank's lien holder rights against BSPE. Blacksmith has also submitted, as Exhibit 2 to its memorandum, a Settlement Agreement between Blacksmith and certain individuals, including the guarantors of the Citizens Bank loan to BSPE, resolving certain obligations among the parties, including obligations created by the Citizens Bank loan. Ordinarily, on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court may not consider matters outside of the complaint without converting the

receivables due from Cives under the Cives/BSPE Contract. (Am. Compl. at ¶ 2). After BSPE defaulted on the loan, Blacksmith paid the bank debt of BSPE. (Id. at ¶¶ 3, 4). Blacksmith claims that as a result, it became "entitled to all the rights and remedies that the bank was entitled to as lien holder of [BSPE]." (Id. at ¶ 4; Pl.'s Mem. at Ex. 1 ¶ 1).

Blacksmith has asserted three claims against Cives. In particular, Blacksmith alleges, in Count I of its Amended Complaint, that Cives breached its contract with BSPE by failing to pay BSPE the outstanding balance of $212,973.79. (Am. Compl. at ¶ 17). Furthermore, Blacksmith alleges that, as a lien holder of BSPE, it is entitled to recover the contract balance from Cives. (Id. at ¶ 18). In Count II, Blacksmith alleges that it is entitled to recover against Cives under a theory of quantum meruit implied contract. Specifically, Blacksmith alleges that BSPE performed its contract work, as well as extras, on the Manulife Financial Center project, that it has an outstanding balance due in the amount of $213,073.79, and that Blacksmith, "as signatory to a promissory note[, is] entitled to all the rights and remedies that the bank was entitled to as lien holder of [BSPE]...." (Id. at ¶ 22). Finally, in Count III, Blacksmith asserts that Cives has received value and has been enriched by the work that BSPE performed on the Manulife Financial

---

motion into one for summary judgment. Fed. R. Civ. P. 12(b)(6). However, "courts have made narrow exceptions for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). These agreements provide the basis for Blacksmith's alleged lien holder rights against BSPE, and its allegedly resulting right to receivables owed by Cives to BSPE. Moreover, Cives has not challenged the authenticity of the agreements. Accordingly, this court concludes that it is appropriate to consider them in connection with the motion to dismiss.

Center project under the terms of the Cives/BSPE Contract. (Id. at ¶¶ 24-28). Blacksmith further alleges that it "has been damaged as lien holder recipient of the rights entitled to [BSPE]" and is entitled to recover against Cives based on unjust enrichment. (Id. at ¶ 29).

Additional facts relevant to the court's analysis will be provided below.

### III.  ANALYSIS

#### A.  Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleadings. Thus, when confronted with a motion to dismiss the court accepts as true all well-pleaded facts and draws all reasonable inferences in favor of the plaintiff. Dartmouth Review, 889 F.2d at 16. "Dismissal under Fed. R. Civ. P. 12(b)(6) is only appropriate if the complaint, so viewed, presents no set of facts justifying recovery." Cooperman, 171 F.3d at 46; Conley v. Gibson, 355 U.S. 41, 45-48, 78 S. Ct. 99, 101-103, 2 L. Ed. 2d 80 (1957).      Under the liberal notice pleading standard of Fed. R. Civ. P. 8(a), a plaintiff is required to submit "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, "[p]laintiffs are only obligated to set forth in their complaint 'factual allegations either direct or inferential, regarding each material element necessary to sustain recovery under some actionable legal theory.'" Raytheon Co. v. Continental Cas. Co., 123 F. Supp.2d 22, 27 (D. Mass. 2000) (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)). "The Rules 'do not require a claimant to set out in detail the facts upon which he bases his claims.'" Id.

6

(quoting Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168, 113 S.Ct. 1160, 1163, 122 L. Ed. 2d 517 (1993)).

Applying these principles to the instant case, this court concludes that Count I states a claim for relief, but recommends that Counts II and III be dismissed.

### B.  Count I: Breach of Contract Claim

Cives has moved to dismiss Count I on the grounds that the non-assignment provision of the Cives/BSPE Contract precluded BSPE from pledging its right to receivables as collateral to secure its loan from Citizens Bank and, therefore, bars Blacksmith from asserting any rights against Cives under that Contract.  However, this court concludes that Blacksmith has asserted just enough facts to maintain its claim for breach of contract against Cives under the liberal pleading requirements of Fed. R. Civ. P. 8(a).

Blacksmith has alleged that when it paid BSPE's Citizens Bank debt, it acquired the bank's rights as a lien holder.[4]  In support of this allegation, Blacksmith has submitted a Settlement Agreement between Blacksmith and certain individuals, including the guarantors of BSPE's loan from Citizens Bank.  (Pl.'s Mem. at Ex. 2).  The Settlement Agreement notes that "[t]he Citizens Note was secured by a lien on all business assets of BSPE...." (Id. at ¶ C).  It also provides that "Blacksmith and Citizens

---

[4] "A lien is merely an interest in property to secure payment of a debt or performance of an obligation." In re Cole & Sons Trucking Servs., Inc., 109 B.R. 538, 540 (Bankr. D. Mass. 1990).

7

entered into a Settlement and Assignment Agreement, pursuant to which Citizens assigned its rights under the Citizens Note ... to Blacksmith – an entity created and owned by R. Saraceno – in exchange for full repayment of the Note." (Id. at ¶ F). Blacksmith has also provided its agreement with Citizens Bank, which states that, upon payment of $393,935.85, Citizens Bank agrees to "assign, transfer and sell the Note, the Loan Documents, the books and records of the Lender pertaining to the Purchased Rights and all rights to payment and other rights, title and interests of the Lender in, to and under the Loan Documents...." (Pl.'s Mem. at Ex. 1 ¶ 1). Therefore, Blacksmith has adequately alleged that it acquired Citizens Bank's right to a lien against BSPE's assets and an interest in the outstanding receivables under the Cives/BSPE Contract.

Nevertheless, the ultimate success of Blacksmith's claim for breach of contract remains dependent upon a showing that the non-assignment provision of the Cives/BSPE Contract is not enforceable. Blacksmith argues that there was never an assignment of Cives' funds or any of the construction work under the Cives/BSPE Contract, and that the rights it acquired from Citizens Bank were those of a lien holder and not an assignee. (Pl.'s Mem. at 2). However, "Massachusetts law has long recognized the pledge of collateral as security for a loan as a voluntary assignment." In re Enrique M. Fraden, 317 B.R. 24, 36 (Bankr. D. Mass. 2004) and cases cited. Therefore, BSPE's pledge of assets to Citizens Bank as collateral for its loan constituted an assignment of those assets, including its right to amounts due under its contract with Cives. Because any rights that Blacksmith has to receivables under the Cives/BSPE Contract arose as a result of an

assignment of those rights from BSPE to Citizens Bank, Blacksmith can only prevail on its claim if the non-assignment provision is unenforceable.

Cives argues that Blacksmith's failure to demonstrate how it could overcome the non-assignment clause should result in a dismissal of its breach of contract claim. This court concludes, however, that the effect of that provision on Blacksmith's lien holder rights is better resolved on summary judgment, after Blacksmith has had an opportunity to conduct discovery on the issue. As this court has previously noted, there are circumstances in which non-assignment clauses are unenforceable. See Blacksmith Investments, LLC v. Cives Steel Co., Inc., 228 F.R.D. 66, 72 (D. Mass. 2005).[5] At this stage it is also unknown whether there was "prior written consent of Contractor and Subcontractor's surety" and there is no obligation that Blacksmith plead all relevant facts. Since Blacksmith may be able to establish facts demonstrating that the non-assignment provision of the Cives/BSPE Contract is invalid, dismissal at this stage is not appropriate.

---

[5] In recommending dismissal of Blacksmith's breach of contract claim in its prior complaint against Cives, this court determined that Blacksmith's complaint contained inadequate information concerning both the circumstances by which Blacksmith purportedly acquired an interest in the contract between BSPE and Cives and the reasons, if any, as to why the non-assignment provision of the contract should not preclude Blacksmith's claim. See Blacksmith Investments, 228 F.R.D. 66, 71-72 (D. Mass. 2005). As described above, Blacksmith has now provided sufficient information in this action to support its allegation that it acquired rights as a lien holder against BSPE. However, Blacksmith's Amended Complaint contains no allegations indicating why the non-assignment clause should be unenforceable. While the non-assignment provision may in fact defeat the plaintiff's breach of contract claim, because there may be circumstances under which the non-assignment provision could be deemed invalid, this court concludes that resolution of the issue should await summary judgment.

In sum, Blacksmith has asserted sufficient facts to show that it acquired the rights that BSPE had assigned to Citizens Bank through its pledge of collateral, and that in doing so, Blacksmith became entitled to pursue Cives for any outstanding receivables owed by Cives to BSPE under the Cives/BSPE Contract.  See Young v. Lepone, 305 F.3d 1, 17 (1st Cir. 2002) ("An assignee ordinarily stands in the shoes of the assignor."); Graves Equip., Inc. v. DeMatteo Constr. Co., 397 Mass. 110, 112, 489 N.E.2d 1010, 1012 (1986) (assignee of contract rights stands in the shoes of the assignor and has same rights that the assignor had against the debtor).  Consistent with the liberal notice pleading standard of Fed. R. Civ. P. 8(a), Blacksmith should have the opportunity to develop the factual record in order to show why the non-assignment provision of the Cives/BSPE Contract should not apply.  Accordingly, this court recommends that the defendant's motion to dismiss Count I of the Amended Complaint be denied.

      B.     **Equitable Claims**

In addition to its claim for breach of contract, Blacksmith has brought equitable claims against Cives for quantum meruit implied contract and unjust enrichment.  Cives argues that Blacksmith cannot rely on these claims to circumvent the express terms of the non-assignment provision of the Cives/BSPE Contract because its only connection to Cives is through its alleged acquisition of rights under the Contract.  (Def.'s Mem. at 5). Blacksmith does not claim that it has any relationship with Cives independent of its alleged rights under the Cives/BSPE Contract.  Consequently, as described below, Blacksmith is unable to satisfy the elements necessary to pursue either of the equitable

claims against Cives.

### 1.    Count II: Claim for Quantum Meruit Implied Contract

In order to state a claim for quantum meruit implied contract, the plaintiff must allege that (1) he conferred a measurable benefit upon the defendant; (2) a reasonable person in the defendant's position would have expected to compensate the plaintiff after accepting his services; and (3) the plaintiff provided the services with the reasonable expectation of receiving compensation from the defendant.[6]  See Bolen v. Paragon Plastics, Inc., 747 F. Supp. 103, 106-07 (D. Mass. 1990); Home Carpet Cleaning Co., Inc. v. Baker, 1 Mass.App.Ct. 879, 880, 307 N.E.2d 346, 347 (1974).  None of these elements is satisfied by the allegations of the Amended Complaint.

In support of its claim for quantum meruit implied contract, Blacksmith alleges that BSPE performed its work, including extras, under its contract with Cives, and that BSPE has an outstanding balance of $213,073.79 due to it as a result of its performance. (Am. Compl. at ¶¶ 20, 21).  Thus, the Amended Complaint alleges facts from which it could be inferred that BSPE conferred a measurable benefit upon Cives, that it did so with the reasonable expectation that it would be paid by Cives, and that a reasonable

---

[6] Blacksmith has brought one claim for "quantum meruit implied contract."  Generally, "quantum meruit is the form of action used to recover for services rendered, whereas the term quasi-contract, or implied contract, is a form of action used to recover money damages for any type of unjust enrichment."  Bolen v. Paragon Plastics, Inc., 747 F. Supp. 103, 106 (D. Mass. 1990).  However, "Massachusetts cases often use the terms quantum meruit, quasi-contract and implied contract without distinguishing among them" and "Massachusetts law treats these claims as having the same common elements."  Id.  Accordingly, this court will treat the claim as a single claim rather than two separate claims for quantum meruit and implied contract.

defendant in Cives' position would have expected to compensate BSPE for its work. However, nothing in the Amended Complaint supports a conclusion that Blacksmith conferred a benefit on Cives or that Cives accepted any benefit with the reasonable expectation of compensating Blacksmith.  Blacksmith alleges, in support of its claim, that "as signatory to a promissory note [it is] entitled to all the rights and remedies that the bank was entitled to as lien holder of [BSPE and] is entitled to $213,073.79."  (Id. at ¶ 22).  Although this allegation supports an inference that Blacksmith conferred a benefit upon BSPE by paying off its loan, neither this allegation nor any of Blacksmith's other allegations suggests that Blacksmith provided any services to Cives that would support a claim for quantum meruit implied contract.  Therefore, this court recommends that the defendant's motion to dismiss Count II be allowed.

### 2.    Count III: Claim for Unjust Enrichment

Finally, Cives has moved to dismiss Blacksmith's claim for unjust enrichment set forth in Count III of the Amended Complaint.  Because Blacksmith has not alleged that Cives was enriched at Blacksmith's, rather than BSPE's expense, or that Blacksmith lacks an adequate remedy at law, this court finds that the unjust enrichment claim should be dismissed.

"Under the doctrine of unjust enrichment, a plaintiff seeks restitution of a benefit conferred on another whose retention of the benefit at plaintiff's expense would be unconscionable."  Massachusetts v. Mylan Labs., 357 F. Supp.2d 314, 323 (D. Mass. 2005).  Thus, "[u]njust enrichment, as a basis for restitution, requires more than benefit.

The benefit must be *unjust*, a quality that turns on the reasonable expectations of the parties." Community Builders, Inc. v. Indian Motocycle Assoc., Inc., 44 Mass.App.Ct. 537, 560, 692 N.E.2d 964, 979 (1998). In order to state a claim for unjust enrichment, "a plaintiff must show: (1) an enrichment; (2) an impoverishment; (3) a relation between the enrichment and the impoverishment; (4) the absence of justification and (5) the absence of a remedy provided by law." Mylan Labs., 357 F. Supp.2d at 323. The allegations of the Amended Complaint do not satisfy these elements.

Blacksmith has not alleged any relation between Cives' enrichment and its own impoverishment. Although Blacksmith has alleged that it conferred a benefit upon BSPE by paying off its loan, nothing in the Amended Complaint shows that Blacksmith's actions enriched Cives. Instead, Blacksmith alleges, in support of its unjust enrichment claim, that Cives received value for the labor and materials provided by BSPE, that Cives failed to pay for this benefit, and that Cives "has been enriched by the retention of the labor, value, and product provided by [BSPE]." (Am. Compl. at ¶¶ 24-27). As Blacksmith further alleges, Cives has been enriched, not by anything that Blacksmith provided to it, but "at [BSPE's] expense by receipt of requested goods without payment of same." (Id. at ¶ 28). Consequently, Blacksmith has not alleged facts showing that Cives should have expected to pay anything to Blacksmith or that its failure to make any payments to Blacksmith was unjust.

Additionally, Blacksmith has not alleged the absence of an adequate remedy at law. Rather, as described above, Blacksmith has alleged that by paying off BSPE's loan,

it acquired rights to payments under BSPE's contract with Cives. Thus, Blacksmith has alleged that it has an adequate remedy under the terms of the Cives/BSPE Contract. See Zarum v. Brass Mill Materials Corp., 334 Mass. 81, 85, 134 N.E.2d 141, 143 (1956) (no basis for recovery on principles of unjust enrichment where there is an express contract concerning the rights of the parties). For this reason as well, Blacksmith's claim for unjust enrichment should be dismissed.

## IV.  **CONCLUSION**

For all the reasons detailed herein, this court finds that the allegations set forth in Blacksmith's Amended Complaint are sufficient to state a claim for breach of contract but are insufficient to state equitable claims for quantum meruit implied contract or unjust enrichment. Accordingly, this court recommends to the District Judge to whom this case is assigned that Cives' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Docket No. 6) be ALLOWED IN PART with respect to Counts II and Count III, but DENIED IN PART with respect to Count I. This court further recommends that Cives' request for an award of its costs and expenses incurred in connection with its motion be denied.[7]

---

[7] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has

           / s / Judith Gail Dein
        Judith Gail Dein
        United States Magistrate Judge

---

repeatedly indicated that failure to comply with this Rule shall preclude further appellate review. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-605 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998).