UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BLACKSMITH INVESTMENTS, LLC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CIVES STEEL COMPANY, )<br>)<br>Defendant. )<br>) | CIVIL ACTION<br>NO. 05-11567-NG |

**DEFENDANT CIVES STEEL COMPANY'S OBJECTION TO THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON DEFENDANT'S MOTION TO DISMISS**

Joseph A. Barra (BBO #632534)
SEYFARTH SHAW LLP
Two Seaport Lane
Suite 300
Boston, MA 02210
(617) 946-4890

*Counsel to Cives Steel Company*

Dated: July 21, 2006

In her Report and Recommendation dated July 11, 2006, the Magistrate Judge recommends to the District Judge that Cives' Motion To Dismiss The Amended Complaint be allowed with respect to Counts II and III, but denied with respect to Count I.

Pursuant to Federal Rule of Civil Procedure 72, Defendant Cives hereby objects to that portion of the Magistrate Judge's Report and Recommendation that denies Cives' motion to dismiss Count I of the Amended Complaint. As discussed in detail below, this Court should grant Cives' motion to dismiss Count I – the breach of contract claim.

## I. COUNT I OF THE AMENDED COMPLAINT IS FATALLY DEFECTIVE AND SHOULD BE DISMISSED UNDER RULE 12(B)(6).

### Blacksmith Has Failed To Allege How It Can Overcome The Non-Assignment Clause As A Bar To Its Breach Of Contract Claim.

Blacksmith's claim against Cives for breach of contract must fail because Blacksmith is not in privity with Cives. The contract upon which Blacksmith apparently relies was between Boston Steel and Precast Erectors, Inc. ("BSPE") and Cives (the "Cives/BSPE Contract"). Cives retained BSPE to erect certain steel for the construction of the Manulife building in Boston, Massachusetts, pursuant to the terms of the Cives/BSPE Contract. Blacksmith was not a signatory to, or a third-party beneficiary of, the Cives/BSPE Contract. The Cives/BSPE Contract contained a broad non-assignment provision. In Blacksmith's first, now dismissed, action, Cives raised the non-assignment clause as a bar to Blacksmith's original complaint. *Blacksmith Investments, LLC v. Cives Steel Co., Inc.*, 228 F.R.D. 66, 72 (D.Mass. 2005) (attached hereto as Exhibit A). This Court, agreeing with Cives and dismissing Blacksmith's original complaint, invited Blacksmith to establish how it could overcome the clear language of the non-assignment provision. Despite the Court's invitation, Blacksmith has, in its Amended Complaint, failed to address this Court's concern over the non-assignment provision. Specifically, as with Blacksmith's original complaint, Blacksmith's Amended Complaint "contains no information

which would invalidate the non-assignment clause" of the Cives/BSPE Contract. The Court should, therefore, again dismiss Blacksmith's breach of contract claim.

Despite the explicit language of the non-assignment provision, Blacksmith alleges that it is entitled to funds allegedly due BSPE under the Cives/BSPE Contract. Blacksmith does not allege that it has received written consent of either Cives or BSPE's surety. Instead, Blacksmith seems to allege that it is due funds under the Contract as a result of paying money owed Citizens Bank by BSPE under the terms of a bank loan. The bank loan allegedly was secured with the funds due under the Cives/BSPE Contract. As it did with its original complaint, Blacksmith fails to provide any information in its Amended Complaint regarding the circumstances or terms of these alleged transactions.

Cives initially raised the non-assignment issue in its successful motion to dismiss Blacksmith's complaint in its original action. In dismissing Blacksmith's complaint, this Court counseled Blacksmith, that in any future action, Blacksmith must demonstrate "that there is a basis to ignore the non-assignment clause." *See Blacksmith Investments, LLC,* 228 F.R.D. at 72.

Despite being initially put on notice by Cives, and twice again by this Court, Blacksmith has yet again failed to allege how it could overcome the non-assignment provision of the Cives/BSPE Contract. Notwithstanding that failure, the Magistrate's Report and Recommendation concludes that, "Blacksmith should have the opportunity to develop the factual record in order to show why the non-assignment provision of the Cives/BSPE should not apply." (Rep. and Rec. at 10). Cives respectively objects to this Court giving Blacksmith an opportunity to discover materials on a claim that it has never even asserted.

## II. PLAINTIFF'S AMENDED COMPLAINT DOES NOT SATISFY THE MINIMAL PLEADING REQUIREMENTS OF RULE 8(A)

**Blacksmith's Amended Complaint Does Not Even Reference The Two Documents On Which It Now Apparently Relies For Its Breach of Contract Claim.**

In the section of the Report and Recommendation dealing with Plaintiff's breach of contract claim, the Magistrate concludes, "Blacksmith has asserted just enough facts to maintain its claim for breach of contract against Cives under the liberal pleading requirements of Fed. R. Civ. P. 8(a)." (Rep. and Rec. at 7). Cives respectfully disagrees with that conclusion, because of Blacksmith's failure to allege such "facts" in its Amended Complaint.

Rule 8(a) requires a "short and plain statement" of the pleader's claim. There is nothing "short and plain" about plaintiff's Amended Complaint.

Blacksmith alleges in its Amended Complaint that BSPE "secured a bank loan with a promissory note with the Citizens Bank secured by assets and including receivables due from the Manulife Financial Center building...." (Am. Compl. at ¶2), and that "Blacksmith Investments, LLC paid the bank debt of [BSPE] and in so doing is entitled to all the rights and remedies that the bank was entitled to as lien holder of [BSPE]." (Am. Compl. at ¶4). The vagueness of the references to the instruments that purportedly gave rise to Blacksmith's alleged lien is noteworthy. The Magistrate's Report and Recommendation notes the reliance of Blacksmith on two key documents in support of its breach of contract claim: 1) a "Settlement Agreement between Blacksmith and certain individuals, including the guarantors of BSPE's loan from Citizens Bank," and, 2) an "Agreement" purportedly between Blacksmith Investments, LLC and Citizens Bank which states that, "upon payment of $393,935.85, Citizens Bank agrees to assign, transfer and sell the Note, the Loan Documents, the books of record of the Lender pertaining to

4

the Purchased Rights and all rights to payment and other rights, title and interests of the Lender in, to and under the Loan Documents...." (Rep. and Rec. at 7-8).

The agreements referred to in the Magistrate's Report were not specifically referenced in the Amended Complaint, but were merely appended to Plaintiff's Memorandum of Law in Opposition to the Defendant's Motion to Dismiss. The Amended Complaint itself is silent as to the agreements on which Blacksmith now apparently bases its breach of contract claim. A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleadings, not subsequently filed documents that may or may not be authentic or relevant.

The Magistrate's Report includes the following discussion of the two documents on which Blacksmith now apparently bases its breach of contract claim:

> Blacksmith has submitted, as Exhibit 1 to its memorandum in opposition to Cives' motion to dismiss (Docket No. 12), an agreement between Blacksmith and Citizens Bank which, according to Blacksmith, concerns Blacksmith's acquisition of the Bank's lien holder rights against BSPE. Blacksmith has also submitted, as Exhibit 2 to its memorandum, a Settlement Agreement between Blacksmith and certain individuals, including the guarantors of the Citizens Bank loan to BSPE, resolving certain obligations created by the Citizens Bank loan....These agreements provide the basis for Blacksmith's alleged lien holder rights against BSPE, and its allegedly resulting right to receivables owed by Cives to BSPE. Moreover, Cives has not challenged the authenticity of the agreements. Accordingly, this Court concludes that it is appropriate to consider them in connection with the motion to dismiss.

(Rep. and Rec. at 4-5, n.3).

Again, Blacksmith cited the two referenced documents in a memorandum of law, not its Amended Complaint. With respect to the Magistrate's observation that "Cives has not challenged the authenticity of the agreements," Cives states that it does, in fact, have questions as to both the authenticity of the documents, and the relevance of the agreements to the breach of contract claim asserted by Blacksmith. In light of the standard of review applicable to a Rule

5

12(b)(6) motion to dismiss, however, which tests the sufficiency of the pleadings, Cives' position is that Blacksmith never adequately pleaded the existence of those documents in its Amended Complaint, whether they are authentic or not. Cives objects to any suggestion that it may have waived its right to challenge the authenticity of those documents. Blacksmith never even references them in its Amended Complaint. Therefore, Cives disagrees with the Magistrate's conclusion that "Blacksmith has adequately alleged that it acquired Citizens Bank's rights to a lien against BSPE's assets and an interest in the outstanding receivables under the Cives/BSPE Contract." (Rep. and Rec. at 8).

## CONCLUSION

For the foregoing reasons, Defendant Cives respectfully requests that this Court not adopt that portion of the Magistrate's Report and Recommendation which denies Cives' motion to dismiss Count I – the breach of contract claim – and asks that the Amended Complaint be dismissed in its entirety.

Respectfully submitted,

CIVES STEEL COMPANY

By its attorneys,

July 21, 2006

/s/ Joseph A. Barra
Joseph A. Barra (BBO# 632534)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA  02210
Telephone:  (617) 946-4890
Facsimile:   (617) 946-4801
Email: jbarra@seyfarth.com

6

## Certificate of Service

I hereby certify that on this 21st day of July, 2006, a true copy of Defendant Cives Steel Company's Objection to the Magistrate Judge's Report and Recommendation on Defendant's Motion to Dismiss was served upon the opposing party in this action by U.S. mail, postage prepaid, to the following address:

Guy E. Guarino, Esquire
72 Country Club Way
Ipswich, MA 01938

_____
Joseph A. Barra

EXHIBIT A

### B. Defendants' Motions for Summary Judgment

Having determined that Plaintiff is not entitled to a dismissal without prejudice, the Court turns its attention to the pending motions for summary judgment. All of these motions ask the Court to enter summary judgment on behalf of each Defendant on the grounds that Plaintiff's claims are time barred under the applicable statute of limitations. As previously noted, Plaintiff filed no response to the three separate motions for summary judgment (Docket #s 14, 18 & 19) and the accompanying statements of material facts (Docket #s 15, 17 & 20). Thus, in accordance with Local Rule 56(e), the Court deems the properly supported statements of material fact admitted. In all relevant aspects, these statements yield a narrative that is the same as the narrative the Court has already laid out in the earlier background section of this Order and the Court therefore need not reiterate the facts as to which there are no genuine disputes.

[4] Absent any filed objection to Defendants' Motions for Summary Judgment,

> [A] district court may not automatically grant a motion for summary judgment simply because the opposing party failed to comply with a local rule requiring a response within a certain number of days. Rather, the [C]ourt must determine whether summary judgment is 'appropriate,' which means that it must assure itself that the moving party's submission shows that 'there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'

*NEPSK, Inc. v. Town of Houlton*, 283 F.3d 1, 7–8 (1st Cir.2002) (quoting Fed.R.Civ.P. 56(c)). In this case, it is clear that summary judgment is "appropriate" on the record compiled by Defendants in support of their motions. Under the statute of limitations law in place at the time, Guptill's deadline for filing his claims against the Defendants ran on January 12, 1987. *See* 14 M.R.S.A. §§ 752, 752–C & 853. Although later amendments to Section 752–C allow persons who were victims of sexual abuse as minors to pursue their claims at any time, the Legislature clearly did not intend for this expanded statute of limitations to revive claims that were already "barred by the previous statute of limitations in force" prior to the amendments. *See* Me. P.L.1991, Ch. 551, § 2; Me. P.L.1999, Ch. 639, § 2. Unfortunately, Plaintiff's claims fall into this category. For this reason, the Court finds that Plaintiff's claims are time barred under the applicable Maine law and that, as a result, all three Defendants are entitled to judgment as a matter of law.

### III. CONCLUSION

To the extent, Plaintiff's Motion to Dismiss (Docket #21) sought a dismissal without prejudice, the Motion is hereby DENIED. Defendant F. Allen Martin's Motion for Partial Summary Judgment (Docket #14), Defendant Boy Scout of America's Motion for Summary Judgment (Docket #18), Defendant Dirigo Search & Rescue Association's Motion for Summary Judgment (Docket #19) are hereby GRANTED and the Clerk is directed to enter summary judgment in favor of Defendants on all counts.

SO ORDERED.



---

### BLACKSMITH INVESTMENTS, LLC., Plaintiff,

v.

### CIVES STEEL CO., INC., New England Division, Defendant.

No. CIV.A. 04–10369NG.

United States District Court, D. Massachusetts.

March 16, 2005.

**Background:** Alleged lienholder of subcontractor brought action against general contractor, based on general contractor's alleged failure to pay subcontractor in full. General contractor moved to dismiss.

BLACKSMITH INVESTMENTS, LLC v. CIVES STEEL CO.    **67**
Cite as 228 F.R.D. 66 (D.Mass. 2005)

Holdings: The District Court, Gertner, J., for reasons stated in report and recommendation of Dein, United States Magistrate Judge, held that:

(1) plaintiff's allegations were insufficient to establish the existence of diversity jurisdiction;

(2) Massachusetts was proper venue;

(3) whether contract's non-assignment clause precluded breach of contract claim could not be determined on motion to dismiss;

(4) allegations were insufficient to state misrepresentation and deceit claims against contractor;

(5) complaint did not plead fraud with sufficient particularity; and

(6) whether subcontractor was a necessary party could not be determined on motion to dismiss.

Motion granted.

**1. Federal Courts ⇐314**

Corporation's allegations were insufficient to establish the existence of diversity jurisdiction in its action against another corporation, where complaint failed to allege the parties' states of incorporation or their principal places of business. 28 U.S.C.A. § 1332(c)(1).

**2. Federal Courts ⇐34**

It is the plaintiff's burden to prove the existence of subject matter jurisdiction. Fed.Rules Civ.Proc.Rule 8(a)(1), 28 U.S.C.A.

**3. Federal Courts ⇐286.1**

In the case of diversity jurisdiction, diversity must be complete; i.e., no two parties on opposite sides of the "versus" may be citizens of the same state. 28 U.S.C.A. § 1332.

**4. Federal Courts ⇐314**

Diversity statute does not give the pleader an option of alleging that corporation's citizenship is its state of incorporation or alleging that it is the state where the company's principal place of business is located; pleader must denominate the corporation as being a citizen of both states. 28 U.S.C.A. § 1332(c)(1).

**5. Federal Courts ⇐314**

In a diversity action involving two corporations, the language of the complaint must include explicit allegations of each party's place of incorporation and of each party's principal place of business. 28 U.S.C.A. § 1332(c)(1).

**6. Federal Courts ⇐89**

Massachusetts was proper venue for diversity action based on contractor's alleged failure to pay subcontractor in full for work performed on steel erection contract in Massachusetts. Fed.Rules Civ.Proc.Rule 12(b)(3), 28 U.S.C.A.

**7. Federal Civil Procedure ⇐1831**

Whether non-assignment clause in the construction contract precluded breach of contract claim against contractor by alleged lienholder of subcontractor could not be determined on motion to dismiss; it could not be determined from the face of the complaint that there was a basis under state law to ignore the non-assignment clause. M.G.L.A. ch. 106, § 9–407.

**8. Fraud ⇐11(1), 12**

Under Massachusetts law, statement on which liability for misrepresentation may be based must be one of fact, not of expectation, estimate, opinion, or judgment; thus, false statements of opinion, of conditions to exist in the future, or of matters promissory in nature are not actionable.

**9. Fraud ⇐45, 46**

Allegations of subcontractor's alleged lienholder were insufficient to state misrepresentation and deceit claims against contractor under Massachusetts law; complaint failed to allege that plaintiff relied on contractor's alleged misrepresentation that subcontractor would be paid for its work or that such statements were false when made.

**10. Federal Civil Procedure ⇐636**

Requirement that fraud be pleaded with particularity applies to claims of misrepre-

sentation, as well as those labeled "fraud." Fed.Rules Civ.Proc.Rule 9(b), 28 U.S.C.A.

**11. Federal Civil Procedure ⚖=636**

Fraud claim against contractor, based on contractor's alleged misrepresentation that subcontractor would be paid for its work, was not pled with sufficient particularity; complaint did not allege who made the statements, who relied on them, where or when they were made, or even the contents of the allegedly misleading comments. Fed.Rules Civ.Proc.Rule 9(b), 28 U.S.C.A.

**12. Federal Civil Procedure ⚖=636**

Requirement that supporting facts be pleaded to support fraud claim applies even when the fraud relates to matters peculiarly within the knowledge of the opposing party. Fed.Rules Civ.Proc.Rule 9(b), 28 U.S.C.A.

**13. Federal Civil Procedure ⚖=1748**

Whether subcontractor was a necessary party in action by alleged lienholder of subcontractor based on contractor's alleged failure to pay subcontractor in full could not be determined on motion to dismiss for failure to join an indispensable party, where it could not be determined whether terms of alleged lienholder's involvement would protect contractor from any claims by subcontractor. Fed.Rules Civ.Proc.Rules 12(b)(7), 19, 28 U.S.C.A.

**14. Federal Civil Procedure ⚖=202**

Generally, a party to a contract which is the subject of the litigation is considered a necessary party. Fed.Rules Civ.Proc.Rule 19(a), 28 U.S.C.A.

---

Guy E. Guarino, Club Way Ipswich, MA, for Blacksmith Investments, LLC Plaintiff.

Joseph A. Barra, Gadsby & Hannah LLP, Street Boston, MA, for Cives Steel Co., Inc. Defendant.

## ORDER

GERTNER, District Judge.

Electronic Order entered granting [5] Motion to Dismiss without prejudice for failure to establish diversity jurisdiction and failure to state a claim upon which relief can be granted, denying [10] Blacksmith's Opposition Motion adopting Report and Recommendations [14], no objections having been filed.

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS

DEIN, United States Magistrate Judge.

### I. INTRODUCTION

The plaintiff, Blacksmith Investments, LLC ("Blacksmith"), has brought suit against Cives Steel Corp. ("Cives") seeking to recover amounts allegedly due from Cives to a non-party, Boston Steel Erectors, Inc. ("BSE"), under a construction contract.[1] The complaint sounds in three counts: breach of contract (Count I), misrepresentation (Count II), and deceit (Count III). Cives has moved to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). In addition, Cives contends that the complaint should be dismissed pursuant to Rules 12(b)(1), 12(b)(3) and 12(b)(7) on the grounds that the complaint fails to establish the diversity jurisdiction of this court, it fails to establish proper venue in this court, and the plaintiff has failed to join a necessary party, namely BSE. For the reasons detailed below, this court recommends to the District Judge to whom this case is assigned that Cives' motion to dismiss be ALLOWED, and that the complaint be dismissed without prejudice.

### II. STATEMENT OF FACTS

When ruling on a motion to dismiss, the court must accept as true all well-pleaded facts, and give the plaintiff the benefit of all reasonable inferences. *See Cooperman v.*

---

1. The complaint refers to Boston Steel Erectors and Boston Steel & Precast Erectors. As there is no distinction made between the companies in the complaint, they will collectively and interchangeably be referred to as "BSE."

BLACKSMITH INVESTMENTS, LLC v. CIVES STEEL CO.    69
Cite as 228 F.R.D. 66 (D.Mass. 2005)

*Individual, Inc.*, 171 F.3d 43, 46 (1st Cir. 1999); *Dartmouth Review v. Dartmouth Coll.*, 889 F.2d 13, 16 (1st Cir.1989). Applying this standard to the instant case, the relevant facts are as follows:

BSE, a non-party to this action, entered into a subcontract agreement with the defendant, Cives, on July 17, 2002 for erection of structural steel on the Manulife Financial Center Building in Boston, Massachusetts. (*Contract* at ¶ 1).[2] According to the complaint, BSE completed its work and invoiced Cives for the full amount due under the contract. (*Complaint* (Docket No. 1) at ¶ 17). Cives paid BSE the sum of $3,671,390.03. (*Id.* at ¶ 11). However, Cives allegedly has an outstanding balance due BSE in the amount of $213,973.79, which Blacksmith is seeking to recover. (*Id.* at ¶¶ 12 and 13).

The factual basis for Blacksmith's claim that it is entitled to recover the amount that Cives allegedly owes to BSE is only hinted at in the complaint, and was clarified a bit at oral argument. Specifically, at some point BSE took out a loan from Citizens' Bank and secured it with, *inter alia*, the monies due under the contract between Cives and BSE. (*Id.* at ¶ 2). BSE allegedly defaulted on this loan. Subsequently, Blacksmith "paid the assignment and bank debt of [BSE] and in so doing [became the] signatory to a promissory note entitled to all the rights and remedies that the bank was entitled to as lien holder of [BSE]." (*Id.*). However, no details about the terms of either BSE's transaction with the bank, or Blacksmith's transactions with either the bank or BSE, are provided in the complaint.

In Count I of the complaint, Blacksmith alleges that Cives breached its contract with BSE by failing to pay the outstanding balance due BSE of $213,973.79. (*Id.* at ¶ 14(a)). Additionally, Blacksmith alleges that, "as lien holder" of BSE, Blacksmith is entitled to recover the contract balance. (*Id.* at 14(c)).

In Count II, where Blacksmith alleges its claim for misrepresentation, Blacksmith alleges that Cives "represented [BSE] would be paid upon completion of their work in accordance with the terms of the Contract," BSE "reasonably relied upon the defendant that [BSE] would be paid in full" and Cives has failed to pay BSE or Blacksmith. (*Id.* at ¶¶ 16–19). Blacksmith further alleges that it is "entitled to recovery of those moneys" due from Cives. (*Id.* at ¶ 19(d)).

Finally, in Count III of the complaint, Blacksmith alleges that Cives is liable for deceit because Cives "led [BSE] to believe that upon completion of their work that [BSE] would be paid in full," BSE "reasonably relied" upon Cives' assertions that [BSE] would be paid, and Cives "deceived [BSE] with regard to timely payment." (*Id.* at ¶¶ 21–25).

Additional facts will be provided where appropriate.

### III. DISCUSSION

#### A. Lack of Subject Matter Jurisdiction

Cives has moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. As Blacksmith has failed to plead sufficient facts to establish the diversity jurisdiction of the federal court, this court recommends that the motion to dismiss be allowed without prejudice.

[1] Blacksmith has alleged only that "[t]he plaintiff, Blacksmith Investments, is a limited liability corporation with offices at 11 Blacksmith Way, Saugus, Massachusetts" and that Cives "is a steel fabricator with an [sic] usual place of business at Riverside Drive, P.O. Box 859, Augusta, ME 04332." (*Complaint* at ¶¶ 1, 3). Even assuming that these allegations relate to the parties' principal places of business, absent allegations as

---

2. Cives has submitted a copy of the subcontract between Cives and BSE with the affidavit of its Accounting Manager, Martin Keniston. (Docket No. 7). Although the contract is not attached to the complaint, it may be considered in connection with the motion to dismiss. Where, as here, the "complaint's factual allegations are expressly linked to—and admittedly dependent upon—a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)." *Beddall v. State Street Bank & Trust Co.*, 137 F.3d 12, 17 (1st Cir.1998).

to where the parties are incorporated, the allegations are insufficient to establish the existence of diversity jurisdiction.

[2] "It is the plaintiff's burden to prove the existence of subject matter jurisdiction." *Aversa v. United States*, 99 F.3d 1200, 1209 (1st Cir.1996). Fed.R.Civ.P. 8(a)(1) requires a complaint to contain "a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it." *See also Mamber v. Second Fed. Savings & Loan Ass'n of Boston*, 275 F.Supp. 170, 171 (D.Mass.1967) (failure to plead jurisdictional basis results in dismissal of complaint).

[3–5] "In the case of diversity jurisdiction, diversity must be complete; i.e., no two parties on opposite sides of the 'versus' may be citizens of the same state." *Comstock v. Pfizer Retirement Annuity Plan*, 524 F.Supp. 999, 1002 (D.Mass.1981). "A corporation is a citizen of both its place of incorporation and principal place of business" and the complaint must show both. *See* 28 U.S.C. § 1332(c)(1); *Comstock*, 524 F.Supp. at 1002 n. 4. "The statute does not give the pleader an option of alleging that the corporation's citizenship is its state of incorporation or alleging that it is the state where the company's principal place of business is located; the pleader must denominate the corporation as being a citizen of both states." 13B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* (Juris.2d) § 3624 (2004). Thus, "[i]t is well-settled that in a diversity action involving two corporations, the language of the complaint must include explicit allegations of each party's place of incorporation and of each party's principal place of business." *Jobbers Warehouse Serv. v. Maremont Corp.*, 453 F.Supp. 840, 841 (D.Mass. 1978).

Since the plaintiff has failed to allege the parties' states of incorporation (or even their principal places of business), it has not demonstrated the requisite diversity.[3] Consequently, this court recommends that the complaint be dismissed without prejudice, so that the plaintiff may properly allege the basis for diversity jurisdiction, if it exists. *See Comstock*, 524 F.Supp. at 1002.

### B. *Improper Venue*

[6] Cives contends that the complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(3) because it "fails to include a statement of proper venue under 28 U.S.C. § 1391(a)." (*Cives Memo* (Docket No. 6) at 1). However, 28 U.S.C. § 1391(a) merely identifies the proper venue for diversity actions; it does not impose any specific pleading requirements. Similarly, Fed.R.Civ.P. 8, which defines the "general rules of pleading," does not require that a statement be included as to the appropriate venue. Accordingly, Cives' motion to dismiss for failure to include a statement of venue must fail.

Moreover, a "district court may examine facts outside the complaint to determine whether its venue is proper," 5B Wright & Miller, *Federal Practice and Procedure* § 1352 (Civ.3d) (2004), and a review of the complaint establishes that venue is proper in Massachusetts. In a diversity action such as this, assuming jurisdiction, venue properly lies in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a) (2004). In this case, since it is unclear whether Cives is a resident of this district, the court must decide whether "a substantial part of the events or omissions giving rise to the claim occurred" in Massachusetts. *See Uffner v. La Reunion Fran-*

---

3. Blacksmith cites *Gray v. Univ. of Kansas Med. Ctr., Coll. of Health Sciences, Sch. of Nursing*, 715 F.Supp. 1041 (D.Kan.1989), in support of its contention that it has sufficiently pleaded jurisdiction in this case. However, *Gray* specifically addresses the sufficiency of pleadings relating to whether the defendant was being sued in an individual or official capacity. *Gray* does not address jurisdictional pleading requirements.

BLACKSMITH INVESTMENTS, LLC v. CIVES STEEL CO.   71
Cite as 228 F.R.D. 66 (D.Mass. 2005)

*caise, S.A.*, 244 F.3d 38, 42 (1st Cir.2001). To make this assessment, the court must look to "the entire sequence of events underlying the claim." *Id.*

Blacksmith alleges in the complaint that a contract was formed between BSE and Cives to perform steel erection work on the Manulife Building in Boston, Massachusetts. BSE did this work in Massachusetts and the dispute relates to whether BSE was paid in full for this work. It is clear, therefore, that "a substantial part of the events or omissions giving rise to the claim" occurred in Massachusetts, and venue is proper here. Moreover, the purpose of the venue statute is "to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial." *Id.* at 43 (quoting *Leroy v. Great W. United Corp.*, 443 U.S. 173, 183–84, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979)). Cives has not alleged that it would be prejudiced in any way by trial in Massachusetts, nor has it argued that it is inconvenienced by having the litigation proceed here. Thus, this court recommends that Fed.R.Civ.P. 12(b)(3), improper venue, not be the basis for dismissal.

### C. *The Rule 12(b)(6) Motion to Dismiss*

Cives has moved to dismiss all counts of the complaint under Fed.R.Civ.P. 12(b)(6) for "failure to state a claim upon which relief can be granted." Specifically, Cives contends that Blacksmith can prove no set of facts in support of its claims for breach of contract, misrepresentation, and deceit which would entitle it to relief. Cives further argues that the claims for misrepresentation and deceit should be dismissed because Blacksmith has failed to plead fraud with the specificity required under Fed.R.Civ.P. 9(b). Since these issues are likely to arise again if the plaintiff can establish diversity jurisdiction, they will be addressed briefly.

### 1. *Standard of Review*

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleadings. Thus, when confronted with a motion to dismiss the court accepts as true all well-pleaded facts and draws all reasonable inferences in favor of the plaintiff. *Dartmouth Review*, 889 F.2d at 16. "Dismissal under Fed.R.Civ.P. 12(b)(6) is only appropriate if the complaint, so viewed, presents no set of facts justifying recovery." *Cooperman*, 171 F.3d at 46; *Conley v. Gibson*, 355 U.S. 41, 45–48, 78 S.Ct. 99, 101–103, 2 L.Ed.2d 80 (1957).

Under Fed.R.Civ.P. 8(a), a plaintiff is required to submit "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). Plaintiffs are only obligated to set forth in their complaint "factual allegations either direct or inferential, regarding each material element necessary to sustain recovery under some actionable legal theory." *Raytheon Co. v. Continental Casualty Co.*, 123 F.Supp.2d 22, 27 (D.Mass.2000) (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir.1988)). "The Rules 'do not require a claimant to set out in detail the facts upon which he bases his claims.'" *Id.* (quoting *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993)).

Applying these principles to the instant case, this court concludes that the claims should be dismissed.

### 2. *Breach of Contract Claim*

[7] Cives contends that Count I of the complaint for breach of contract should be dismissed because the plaintiff Blacksmith is not a party to the contract, and the contract which the plaintiff is seeking to enforce expressly provides that it cannot be assigned without Cives' consent, which has not been granted. Thus, the Cives/BSE contract provides:

> Subcontractor [BSE] ... shall not assign or transfer the Subcontract, or funds due hereunder, without the prior written consent of Contractor [Cives] and Subcontractor's surety.

(*Contract* at ¶ 16).

Due to the lack of any adequate information in the complaint as to the circumstances or terms by which Blacksmith purports to have acquired its interest in the contract, this court recommends that the motion to dismiss be allowed. Despite the liberal pleading requirements of Fed.R.Civ.P. 8(a), the complaint fails to set forth sufficient allegations

to establish that Blacksmith is entitled to relief because it contains no information which would invalidate the non-assignment clause. While there are circumstances where such clauses are not enforceable, *see, e.g.,* Mass. Gen. Laws ch. 106, § 9–407 (non-assignment clause ineffective in a promissory note), it cannot be determined from the face of the complaint that there is a basis to ignore the non-assignment clause here. Therefore, dismissal without prejudice is appropriate. A more definite determination as to whether the non-assignment clause in the construction contract precludes the instant suit by Blacksmith should await further pleadings.

### 3. *Misrepresentation and Deceit Claims*

Cives has moved to dismiss Counts II (misrepresentation) and III (deceit) of the complaint on the grounds that they fail to state a claim upon which relief can be granted and because the plaintiff has failed to plead fraud with particularity as required by Fed.R.Civ.P. 9(b). For the reasons detailed below, this court recommends that the motion to dismiss these counts be allowed as well.

#### a. *Sufficiency of the Pleadings*

In connection with its claims for misrepresentation and deceit, Blacksmith alleges that the defendant misrepresented that BSE would be paid for its work. (*Complaint* at ¶ 19(a)). Specifically, in connection with its misrepresentation claim plaintiff has alleged that "[d]efendant represented [BSE] would be paid upon completion of their work in accordance with the terms of the Contract" (*id.* at ¶ 16), BSE completed the contract work and extras (*id.* at ¶ 17), BSE "reasonably relied upon the defendant that [BSE] would be paid in full" (*id.* at ¶ 18), and BSE has not been paid for the contract and extra work. (*Id.* at ¶ 19). In connection with its claim for deceit, Blacksmith has added that "[d]efendant led [BSE] to believe that upon completion of their work, that [BSE] would be paid in full" (*id.* at ¶ 21), BSE "reasonably relied upon the Cives assertions that [BSE] would be paid" (*id.* at ¶ 22), BSE has not been paid in full (*id.* at ¶ 23), "[d]efendant has deceived [BSE] with regard to timely payment" (*id.* at ¶ 24), and BSE "has been damaged as a result of [d]efendant's acts and conduct." (*Id.* at ¶ 25). These allegations are insufficient to support the claims of misrepresentation and deceit.

[8] As an initial matter, it must be noted that Blacksmith is relying on basically the same allegations in both counts of its complaint. Since "the tort of misrepresentation [is] also referred to as fraud or deceit," the same elements are required to be alleged in both Counts II and III of the instant complaint. *Damon v. Sun Co., Inc.,* 87 F.3d 1467, 1471 (1st Cir.1996). *Accord Yerid v. Mason,* 341 Mass. 527, 529, 170 N.E.2d 718, 719 (1960) (the same standard is applied to actions for misrepresentation and deceit). To sustain its claims, Blacksmith "must allege and prove that the defendant made a false representation of a material fact with knowledge of its falsity for the purpose of inducing the plaintiff to act thereon, and that the plaintiff relied upon the representation as true and acted upon it to his damage." *Barrett Assoc., Inc. v. Aronson,* 346 Mass. 150, 152, 190 N.E.2d 867, 868 (1963) (internal quotations omitted). "A statement on which liability for misrepresentation may be based must be one of fact, not of expectation, estimate, opinion, or judgment." *Zimmerman v. Kent,* 31 Mass.App.Ct. 72, 79, 575 N.E.2d 70, 76 (Mass.App.Ct.1991). Thus, "false statements of opinion, of conditions to exist in the future, or of matters promissory in nature are not actionable." *Yerid v. Mason,* 341 Mass. at 530, 170 N.E.2d at 720.

[9] The allegations of the complaint are insufficient to support Blacksmith's claims for a number of reasons. First of all, the plaintiff must prove that *it* relied on the alleged misrepresentation. *See Zimmerman v. Kent,* 31 Mass.App.Ct. at 77, 575 N.E.2d at 74. In the instant case, the complaint makes it clear that the plaintiff Blacksmith was not involved in the contract under which it is seeking to collect, and clearly did not participate in the alleged conversations on which the misrepresentation and deceit claims are based. Since the complaint fails to allege the material element of reliance, it should be dismissed.

Secondly, the complaint fails to allege that the statements as to Cives' future conduct (i.e., Cives would pay BSE at the end of the contract for work performed) were false when made. *See Restatement (Second) of Contracts* § 171(a) and cmt. (b) (1981). Cives' intention not to perform in the future cannot be established merely by its subsequent non-performance. *Id.* at cmt. (b). Since the allegations merely relate to an expression of "expectation, estimate, opinion or judgment" and not to a statement of fact, Counts II and III should be dismissed.

### b. *Pleading Fraud with Particularity*

Cives also argues that the complaint should be dismissed because Blacksmith has failed to plead fraud with particularity, as required under Fed.R.Civ.P. 9(b). Blacksmith contends that it has met the pleading requirements because it has not alleged fraud as a count in the complaint, and because the pleading requirements for fraud are relaxed when the facts on which the allegations are based are exclusively within the defendant's control. For the reasons detailed herein, this court recommends that these counts be dismissed for failure to plead fraud with particularity.

[10] Fed.R.Civ.P. 9(b) requires "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b). Despite the plaintiff's argument to the contrary, this pleading requirement applies to claims of misrepresentation, as well as those labeled "fraud." *Powers v. Boston Cooper Corp.*, 926 F.2d 109, 111 (1st Cir.1991) and cases cited. *See also Jurgens v. Abraham*, 616 F.Supp. 1381, 1386 (D.Mass.1985) (not necessary to use the word "fraud" to state a claim of fraud).

[11] "The clear weight of authority is that Rule 9 requires specification of the time, place and content of an alleged false representation, but not the circumstances or evidence from which fraudulent intent could be inferred." *McGinty v. Beranger Volkswagen, Inc.*, 633 F.2d 226, 228 (1st Cir.1980), and cases cited. In the instant case, there is no specificity as to any of those elements—the complaint does not allege who made the statements, who relied on them, where or when they were made, or even the contents of the allegedly misleading comments. Under such circumstances, the complaint should be dismissed.

[12] Finally, Blacksmith's argument that the requirements for pleading fraud are relaxed when the facts relating to the alleged fraud are in control of the defendant fails in light of the deficiencies of the complaint. "[C]ourts have uniformly held inadequate a complaint's general averment of the defendant's 'knowledge' of material falsity, unless the complaint *also* sets forth specific facts that make it reasonable to believe that defendant knew that a statement was materially false or misleading." *Greenstone v. Cambex Corp.*, 975 F.2d 22, 25 (1st Cir.1992). Furthermore, "[t]he requirement that supporting facts be pleaded applies even when the fraud relates to matters peculiarly within the knowledge of the opposing party." *Id.* (quoting *Romani v. Shearson Lehman Hutton*, 929 F.2d 875, 878 (1st Cir.1991) and additional cases cited). Therefore, even assuming that the alleged fraud relates to matters peculiarly within Cives' knowledge, the total absence of supporting facts mandates the conclusion that Counts II and III should be dismissed.

### D. *Failure to Join BSE as an Indispensable Party*

[13] Cives argues that the complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(7) because Blacksmith has failed to join BSE as a necessary party to the action. Cives contends that under the contract claims, BSE is a necessary party because it has the ability to sue on the contract, leaving Cives open to a "substantial risk of incurring double or inconsistent liability." (*Cives Memo* at 6). Blacksmith asserts that BSE is not a necessary party because it is entitled to enforce the rights of BSE, and has the capacity to recover damages between Cives and BSE. Because the terms by which Blacksmith acquired the right to enforce BSE's contractual rights are unknown to the court at this time, it is premature to determine

74     228 FEDERAL RULES DECISIONS

whether BSE must be joined as an indispensable party.

"The question of whether [BSE] is an indispensable party is governed by Rule 19, Fed.R.Civ.P. This is a two part inquiry. First, the party must be a necessary party under Rule 19(a) ..., and then it must be an indispensable party under Rule 19(b)." *United States v. San Juan Bay Marina*, 239 F.3d 400, 405 (1st Cir.2001) (citations omitted). In the instant case, Cives does not reach the issue whether BSE is an indispensable party, but argues that BSE is a necessary party under Rule 19(a) and that its absence requires dismissal of the complaint. Rule 19(a) provides in relevant part that a person shall be joined as a necessary party if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed.R.Civ.P. 19(a).

[14] As a general statement, "[i]t is well established that a party to a contract which is the subject of the litigation is considered a 'necessary' party." *Sever v. Glickman*, 298 F.Supp.2d 267 (D.Conn.2004); and cases cited. Blacksmith argues that the terms of its involvement would protect Cives from any claims by BSE. Since, however, the terms of Blacksmith's involvement are not presently before the court, it is premature to address the need to include BSE. "A defense of failure to join an indispensable party, Fed. R.Civ.P. 12(b)(7), may be made at any time before the end of trial. Fed.R.Civ.P. 12(h)(2)." *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 184 F.Supp.2d 55, 77 (D.Mass.2001). Therefore, Cives has the ability to renew its motion at an appropriate time, and this court recommends that the motion to dismiss insofar as it is based on Fed.R.Civ.P. 12(b)(7) be denied without prejudice.

## IV. CONCLUSION

For all the reasons detailed herein, this court finds that the complaint fails to establish diversity jurisdiction in this court, fails to state a claim upon which relief can be granted, and fails to allege fraud with the required particularity. Therefore, this court recommends to the District Judge to whom this case is assigned that Cives' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) (Docket No. 5) be allowed, and that the complaint be dismissed without prejudice.[4]

January 27, 2005.



---

4. The parties are hereby advised that under the provisions of Fed.R.Civ.P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review. See *Keating v. Sec'y of Health & Human Services*, 848 F.2d 271, 275 (1st Cir.1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir.1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604-605 (1st Cir.1980); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir.1982); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir.1983); see also *Thomas v. Arn*, 474 U.S. 140, 153-54, 106 S.Ct. 466, 474, 88 L.Ed.2d 435 (1985). Accord *Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 3-4 (1st Cir.1999); *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150-51 (1st Cir.1994); *Santiago v. Canon U.S.A., Inc.*, 138 F.3d 1, 4 (1st Cir.1998).