UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

BLACKSMITH INVESTMENTS, LLC. )
    Plaintiff, Defendant in )
    Counterclaim, )
     )
v. )  Civil Action No. 05-11567MASS
     )
CIVES STEEL COMPANY, )
    Defendant, Plaintiff in )
    Counterclaim, (

FILED IN CLERKS OFFICE
2006 OCT 25 P 12:54
U.S. DISTRICT COURT
DISTRICT OF MASS.

**PLAINTIFF, DEFENDANT IN COUNTER CLAIM, BLACKSMITH INVESTMENTS, LLC ANSWER TO DEFENDANT, PLAINTIFF IN COUNTER CLAIM, CIVES STEEL COMPANY**

Now Comes plaintiff, defendant in counter claim, Blacksmith Investments, LLC, who answers defendant, plaintiff in counter claim counter claim as follows:

1. Blacksmith denies the allegations set forth in paragraph one of the counter claim for lack of information as to the truth or falsity.

2. Blacksmith admits the allegations of paragraph two of the counterclaim.

**JURISDICTION**

3. Blacksmith admits the allegations of paragraph three of the counterclaim.

4. Blacksmith admits the allegations of paragraph four of the counterclaim.

5. Blacksmith neither admits nor denies as it need not respond to contract issues of law. Further, Exhibit "A" was not attached to the counter claim.

6. Blacksmith neither admits nor denies as it need not respond to contract issues of law. Further, Exhibit "A" was not attached to the counter claim.

7. Blacksmith neither admits nor denies as it need not respond to contract issues of law. Further, Exhibit "A" was not attached to the counter claim.

8. Blacksmith neither admits nor denies as it need not respond to contract issues of law. Further, Exhibit "A" was not attached to the counter claim.

9. Blacksmith neither admits nor denies as it need not respond to contract issues of law. Further, Exhibit "A" was not attached to the counter claim.

10. Blacksmith neither admits nor denies as it need not respond to contract issues of law. Further, Exhibit "A" was not attached to the counter claim.

11. Blacksmith denies the allegations of paragraph eleven of the counterclaim.

12. Blacksmith admits the allegations of paragraph twelve of the counterclaim.

13. Blacksmith denies the allegations of paragraph thirteen of the counterclaim.

14. Blacksmith denies the allegations set forth in paragraph fourteen of the counter claim for lack of information as to the truth or falsity.

15. Blacksmith denies the allegations of paragraph fifteen of the counterclaim.. Further answering, Blacksmith lacks information as to the truth or falsity of the allegations as well as the timeliness, extent of payments requested by BSE and the extent of Cives payments to BSE requests to enable timely, and complete payment to employees, sufficient properly skilled workmen, and subcontractor payment.

16. Blacksmith denies the allegations set forth in paragraph sixteen of the counter claim for lack of information as to the truth or falsity. Further answering, Exhibit "B" is not attached to the Complaint.

17. Blacksmith denies the allegations set forth in paragraph seventeen of the counter claim for lack of information as to the truth or falsity. Further answering, Exhibit "B" is not attached to the counterclaim.

18. Blacksmith denies the allegations set forth in paragraph eighteen of the counter claim for lack of information as to the truth or falsity.

19. Blacksmith denies the allegations set forth in paragraph nineteen of the counter claim for lack of information as to the truth or falsity.

20. Blacksmith denies the allegations set forth in paragraph twenty of the counter claim for lack of information as to the truth or falsity.

21. Blacksmith admits BSE obtained a loan from Citizens Bank. The terms of the promissory note and security agreement speaks for itself.

22. Blacksmith admits the allegations of paragraph twenty-two of the counterclaim.

23. Blacksmith admits the first sentence of paragraph twenty-three. The remainder of allegations need not be responded to as each requires a legal conclusion.

24. Blacksmith realleges their responses as set forth in paragraphs one through twenty-three of their answer to the Counterclaim.

25. Blacksmith admits Cives and BSE entered a subcontract. The remainder of the allegations set forth in paragraph twenty-five is denied.

26. Blacksmith denies the allegations of paragraph twenty-six of the counterclaim.

27. Blacksmith denies the allegations of paragraph twenty-seven of the counterclaim.

28. Blacksmith denies the allegations of paragraph twenty-eight of the counterclaim.

29. Blacksmith admits it is entitled to BSE receivables. The remainder of the allegations in paragraph twenty-nine need not be responded to as each requires a legal conclusion.

30. Blacksmith realleges their responses as set forth in paragraphs one through twenty-nine of their answer to the Counterclaim.

31. Blacksmith admits Cives made payments to BSE. Blacksmith denies the remainder of allegations set forth in paragraph thirty-one of the Counterclaim.

32. Blacksmith denies the allegations of paragraph thirty-two of the counterclaim.

33. Blacksmith need not respond to conclusions of law.

34. Blacksmith need not respond to conclusions of law.

35. Blacksmith need not respond to conclusions of law.

36. Blacksmith realleges their responses as set forth in paragraphs one through thirty-five of their answer to the Counterclaim.

37. Blacksmith admits Cives paid BSE for some work on the project. Blacksmith denies the remainder of the allegations starting with the sentence including "despite".

38. Blacksmith denies the allegations of paragraph thirty-eight of the counterclaim.

39. Blacksmith admits it is entitled to BSE receivables. The remainder of the allegations amount to legal conclusions to which no response is required.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Cives Counterclaim fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants counterclaim fails to allege a prima facie case upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

Defendant, Plaintiff in Counterclaim, has incurred no damages with regard to delays, if any were incurred.

### FOURTH AFFIRMATIVE DEFENSE

Defendant, Plaintiff in Counterclaim, counterclaims are barred by the doctrine of latches.

### FIFTH AFFIRMATIVE DEFENSE

Defendant, Plaintiff in Counterclaim, damages, if any, are the result of its own negligence in prosecution of the work.

### SIXTH AFFIRMATIVE DEFENSE

Defendant, Plaintiff in Counterclaim, alleged BSE delays if any there may be, quality of JRJ work if applicable, is the result of Defendant in Counterclaim schedule of the work, impacts of schedule on the work, refused timely payment, Cives timely and complete furnishing of materials, fabrication errors, unworkmanlike trade conditions, and lack of coordination of materials.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant, Plaintiff in Counterclaim, schedule and/or coordination of the trades, breach of contract impacted costs to BSE, impacted performance by BSE, and created the conditions to which Cives now seeks recovery by Counterclaim.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant, Plaintiff in Counterclaim, claims are barred by the Statute of Frauds.

**NINTH AFFIRMATIVE DEFENSE**

Defendant, Plaintiff in Counterclaim, claims are not timely, not advanced in good faith, not substantiated by definition of costs, identified as to place, time, amount, prior to the commencement of this action, nor to date.

**TENTH AFFIRMATIVE DEFENSE**

Defendant, Plaintiff in Counterclaim, is responsible for the impact damages of performance, time of performance, place of performance, of each and every subcontractor on the subject project related to the BSE/Cives subcontract.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant, Plaintiff in Counterclaim, is responsible for impacts that incurred as to BSE by the performance and lack of Cives performance, place and time of performance, as a consequence of Cives schedule of the work, and coordination of materials for the work.

**TWELTH AFFIRMATIVE DEFENSE**

Defendant, Plaintiff in Counterclaim, is responsible to BSE for delayed materials it furnished, timely drawing submittals, approvals, extras, changes in the work, changes in fabrication performed or

engaged Cives to perform, to the extent that such delays impacted BSE timely, workmanlike performance, and quality of work.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant, Plaintiff in Counterclaim, failed to provide proper Notice of Claims to BSE.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant, Plaintiff in Counterclaim, breached the BSE- Cives Contract.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant, Plaintiff in Counterclaim, late claims, frivolous defense and frivolous allegations, are not advanced in good faith, and subject to the penalties proscribed by M.G.L. Ch. 231, sec. 6F.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant, Plaintiff in Counterclaim, is estopped from recovery delay damages as to BSE pursuant to no claims for delay damages between Cives and Clark/Smith.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant in Counterclaim, Blacksmith is not required to coordinate BSE work, was not in existence at the time of the work.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant, Plaintiff in Counterclaim, breached its contract with BSE to pay for all labor and materials incorporated into the project.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendant, Plaintiff in Counterclaim, back charges to BSE include extra work costs not included in the BSE/Cives Contract.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendant, Plaintiff in Counterclaim payments to BSE subcontractors were volunteered by Cives to retain the same subcontractor services for additional work.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant, Plaintiff in Counterclaim is not a third party beneficiary.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant, Plaintiff in Counterclaim, has remedies at law with which preclude their allegations of unjust enrichment.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant, Plaintiff in Counterclaim, has no rights of set-off as against Blacksmith, LLC. a limited liability corporation not in existence at the time of the Cives contract with BSE.

### TWENTY-FOURTH AFFIRAMTIVE DEFENSE

Defendant, Plaintiff in Counterclaim, allegations of damages it has sustained, are in full or in part due to Cives overpayments payments to BSE subcontractors, reducing the security interest of Blacksmith, a holder in due course.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant, Plaintiff in Counterclaim, allegations of costs to complete, including Completion Fee, do not have merit given the percent of work remaining to be performed by BSE, if any on the base contract.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendant, Plaintiff in Counterclaim, failed to pursue BSE extra work claims, alleged back charges to BSE, additional subcontractor work, all additional work to the base contract, in order to accept their (Cives) final payment from general contractor, Clark/Suffolk.

**Wherefore**, Plaintiff in Counterclaim, Blacksmith Investments, LLC respectfully requests:

   a. The Counterclaim of Cives Steel Company be dismissed;

   b. that costs of defense be awarded Blacksmith Investments, LLC with regard to this counterclaim;

c. that this honorable court provide such relief as it deems meet and just.

                                        Blacksmith Investments LLC,
                                        By their attorney,

                                        Guy E. Guarino
                                        BBO NO. 213960
                                        72 Country Club Way
                                        Ipswich, MA  01938
Dated:  October 24, 2006              (978) 356-7500

## CERTIFICATE OF SERVICE

I, Guy E. Guarino, attorney for Blacksmith Investments, LLC certify that I have this date caused to be mailed, first class mail, postage prepaid, a copy of Plaintiff, Defendant in Counterclaim, Blacksmith Investments LLC Answer to Defendant Cives Steel Company, Plaintiff in Counterclaim to:

Stephen C. Bazarian, Esq.
Joseph A. Barra, Esq.
Seyfarth Shaw LLP
World Trade Center East
Two Seaport Lane  Suite 300
Boston, MA   02210-2028

Dated: October 24, 2006                                          Guy E. Guarino