UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BLACKSMITH INVESTMENTS, LLC, )<br>)<br>      Plaintiff/Defendant-In- )<br>      Counterclaim, )<br>)<br>v. )<br>)<br>CIVES STEEL COMPANY, )<br>)<br>      Defendant/Plaintiff-In- )<br>      Counterclaim. ) | Civil Action No. 05-11567-NG |

**JOINT STATEMENT PURSUANT TO FEDERAL RULE 26(f) AND LOCAL RULE 16.1(D)**

Pursuant to the Notice Setting Scheduling Conference dated September 29, 2006, Fed. R. Civ. P. 26(f) and Local Rule 16.1(D), Plaintiff/Defendant-In-Counterclaim Blacksmith Investments, LLC ("Blacksmith"), and Defendant/Plaintiff-In-Counterclaim Cives Corporation (sued herein as Cives Steel Company) ("Cives") hereby submit the following joint statement and proposed pre-trial schedules in advance of the Scheduling Conference presently set for November 27, 2006 at 2:45 p.m.

**I.      OBLIGATION OF COUNSEL TO CONFER**

The parties have complied with Fed. R. Civ. P. 26(f) and Local Rule 16.1(B) by conferring via telephone conferences on November 2, 6, and 16, 2006.

**II.     PROPOSED AGENDA**

The parties propose the following agenda for the Scheduling Conference:

1.     Identify the basis of each party's claims and defenses thereto;

2.     Resolve the parties' dispute regarding the pre-trial schedule for this case (see Section III, below);

3.  Prompt resolution of the parties' claims.

## III. PROPOSED PRE-TRIAL SCHEDULE

The parties are unable to agree upon a pre-trial schedule for this matter. The following sets forth each party's position:

### a. Plaintiff Blacksmith's Proposed Pre-Trial Agenda Schedule

Pursuant to Local Rules 16.1D and 26, Blacksmith proposes Phase One be limited to discovery, production of documents, interrogatories and depositions.

Discovery, interrogatories and production of documents one hundred twenty days, depositions contingent upon discovery or forty-five days after discovery completed.

Motions completed forty-five days after one hundred-twenty days following discovery, plus additional forty-five days after depositions completed.

Discovery is required for Blacksmith's ability to file their motion for Summary Judgment, to establish the credibility of Cives alleged off-sets, and allegations. Discovery will also be required for Cives to file a potential dispositive motion.

Blacksmith is entitled to recover Cives receivables by a settlement agreement between BSPE and Blacksmith. Blacksmith is entitled to BSPE "outstanding receivables" as agreed to in writing between B. McInnis, President of BSPE. By contract agreement with BSPE/Blacksmith Settlement, well after the Cives contract was concluded, Blacksmith became entitled to BSPE outstanding accounts receivables. This settlement agreement defeats the Cives defense of non-assignment. Blacksmith afore-mentioned contract right with BSPE is in addition to the lienholder rights that Blacksmith asserts. This contract right was discovered subsequent to the drafting of Plaintiff's Complaint. Judge Dien was not aware of the BSPE/Blacksmith settlement agreement at the time of ruling.

As lienholder Blacksmith is entitled to recover debtor's accounts.  Blacksmith paid $393,935.79 to recover the accounts receivables of BSPE.  The Cives receivables of $213,973.79 were outstanding when Blacksmith paid the note. When Blacksmith paid the note the Cives/BSPE contract work was concluded.  Plaintiff's Complaint does not assert it received an assignment.

To limit discovery and Phase One motion to Cives discovery will adversely impact Blacksmith's Complaint allegations, defenses, and Blacksmith right to their summary judgment motion.  Discovery is necessary for Plaintiff's motion.

<u>Phase Two</u> shall be directed at preparing this matter for trial.  Blacksmith proposes that the parties agree to conform to discovery limitations set forth by Fed. R. Civ. P. 26(b) and Local Rule 26.1(c).  Specifically, Blacksmith proposes the following schedule for Phase one.

<u>Initial Disclosures</u>

The parties shall exchange initial disclosures required by Fed. R. Civ. P. 26(a) (1) and Local Rule 26.2 within fourteen days of the Scheduling Conference, on or before December 11, 2006.

Blacksmith proposes that the parties agree to confer in advance of the Case Management Conference for the purpose of establishing a trial schedule, retired senior U.S. District Justice, or trial by Magistrate Judge, for the completion of Phase Two.

**b.**     <u>**Cives' Proposed Pre-Trial Schedule**</u>

Resolution of a single issue in this case could result in the disposal of the entire matter. As such, and pursuant to Local Rules 16.1(D)(1)(b) and 26.3, Cives proposes that the pre-trial schedule in this matter be conducted in two phases. In this action, Blacksmith seeks to recover amounts allegedly due from Cives to a non-party, Boston Steel Erectors ("BSE"), under a construction contract ("Contract") between BSE and Cives. Blacksmith alleges that it acquired its rights under the Contract by assignment. However, Cives alleges that Blacksmith has no rights under the Contract because it contains a non-assignment provision ("Non-Assignment Provision"). Cives moved to dismiss Blacksmith's Complaint on these grounds.

On July 11, 2006, Magistrate Judge Judith Dein issued a Report And Recommendation On Defendant's Motion To Dismiss ("Report"). Magistrate Dein dismissed all of Blacksmith's claims against Cives except for its claim for breach of the Contract. Magistrate Dein indicated in the Report that if the Non-Assignment Provision is unenforceable, summary judgment should enter in favor of Cives. *Id.* at p. 9, n. 5. There, she noted that:

> [B]lacksmith's Amended Complaint contains no allegations indicating why the non-assignment clause should be unenforceable. While the non-assignment provision may in fact defeat [Blacksmith's] breach of contract claim, because there may be circumstances under which the non-assignment provision could be deemed invalid, this court concludes that resolution of the issue should await summary judgment.

*Id.*[1]

In accordance with Magistrate Dein's Report, Cives proposes that Phase One of this case's pre-trial schedule be limited to discovery and the development of a factual record that relates solely to the issue of the enforceability (or non-enforceability) of the Non-Assignment Provision. Following discovery, Cives will move for summary judgment. Should Phase One fail

---

[1] Judge Gertner adopted Magistrate Dein's Report on September 7, 2006.

BO1 15808721.4

to terminate this action, Cives proposes that Phase Two be directed at conducting discovery regarding, and preparing for trial, all other issues in this matter.

Specifically, Cives proposes the following schedule for Phase One:

1. The parties shall exchange initial disclosures required by Fed. R. Civ. P. 26(a)(1) and Local Rule 26.2 within fourteen days of the Scheduling Conference, on or before December 11, 2006;

2. Written discovery shall be completed no later than January 31, 2007;

3. Depositions shall be completed no later than February 28, 2007;

4. Dispositive motions shall be filed and heard no later than March 31, 2007.

Should Phase One fail to terminate this action, Cives proposes a Second Case Management Conference to occur on April 15, 2007. Cives proposes that the parties agree to confer in advance of that Case Management Conference for the purpose of establishing a discovery and motion schedule for the conduct and completion of Phase Two.

### IV. **CERTIFICATION OF COUNSEL AND THE PARTIES**

The parties have or will file their respective certifications pursuant to Local Rule 16.1(D)(3) separately.

### V. **TRIAL BY MAGISTRATE**

Both parties consent to trial by a Magistrate Judge at this time. Blacksmith prefers mediation by a senior U.S. District Court retired justice mediator.

| | |
|---|---|
| BLACKSMITH INVESTMENTS, LLC | CIVES CORPORATION |
| By its attorneys, | By its attorneys, |

| | |
|---|---|
| /s/ Guy E. Guarino | /s/ Stephen C. Bazarian |
| Guy E. Guarino (BBO # 213960) | Joseph A. Barra (BBO # 632534) |
| 72 Country Club Way | jbarra@seyfarth.com |
| Ipswich, MA  01938 | Stephen C. Bazarian (BBO # 553148) |
| (978) 356-7500 | sbazarian@seyfarth.com |
| | SEYFARTH SHAW LLP |
| | World Trade Center East |
| | Two Seaport Lane |
| | Suite 300 |
| | Boston, MA 02210-2028 |
| | Telephone:     (617) 946-4800 |
| | Telecopier:    (617) 946-4801 |

Dated: November 17, 2006