UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE
2007 MAY 18 P 12: 45
U.S. DISTRICT COURT
DISTRICT OF MASS.

BLACKSMITH INVESTMENTS, LLC,  )
         Plaintiff,  )
v.  )  C. A. No. 05-11567-NG
  )
CIVES STEEL COMPANY,  )
         Defendant,  )

**PLAINTIFF BLACKSMITH INVESTMENTS LLC. MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT CIVES STEEL COMPANY MOTION FOR SUMMARY JUDGMNT.**

Blacksmith Investments moves in opposition to Cives Steel Company Motion for summary judgment on the following grounds:

### Brief History of significant recent pleadings.

Cives sought dismissal of this action on the grounds of assignment by Boston Steel of receivables to Citizens Bank contrary to the terms of the Cives-Boston Steel contract. Blacksmith without a copy of the contract, subsequently furnished in the pleadings, was not aware that the Cives-Boston Steel contract relied upon, was seven months after Boston Steel had executed the loan documents that pledged assets, including receivables then held, and to be held in the future to Citizens Bank in the event of Boston Steel's default on the loan.

Boston Steel did not assign their receivables to Citizen's after executing the contract, and therefore did not need Cives permission to do so. That argument and contention, the anticipated subject of this motion by Cives is now silent.

Instead, Cives introduces a new issue that Citizens Bank had no lien rights to the Boston Steel Account Receivables and no rights to enforce Boston Steel's contract rights against Cives in the recovery of the Accounts Receivables. And, as a consequence, Blacksmith received nothing from Citizens Bank, no rights to the accounts receivables and contracts purchased for $393,935.85 from Citizens Bank. Blacksmith disagrees.

### Blacksmith acquires the rights of Citizens Bank.

Citizens Bank asserted their rights to the Boston Steel Accounts Receivables by their counsels' certified letter to Cives Steel Company, Mr. Lawrence J. Morgan, President and General Manager on November 7, 2003. That letter expressly states that Citizens was entitled to the Boston Steel Accounts Receivables, and that this right was sold to

Blacksmith Investments. That no further payments were to be made to any entity, including "The Companies", and that all further payments were to be made directly to Blacksmith Investments. Clearly, Citizens Bank contends that the loan, note, guaranty, documents, that it prepared included the rights to Cives/Boston Steel Accounts Receivables that Citizens sold to Blacksmith. We do not believe, as Cives infers, that the bank committed fraud to sell rights it did not possess to Blacksmith. See Exhibit "A" attached hereto.

**The loan agreement, January 29, 2002 states in pertinent part:**

A. <u>Definitions</u>
1. That Citizens definition of "Obligations" includes what is now existing or hereafter arising. This would include contracts as well as accounts receivables. pp. 6, Loan and Security Agreement (Exhibit B)
2. Citizens definition of "payment intangibles", as the term is defined from time to time, in Article 9 of the UCC .. the account debtor's principal obligation is a monetary obligation, i.e., to repay from then current assets, accounts receivables. p. 6, Loan and Security Agreement (Exhibit C)
3. Citizens defines "proceeds" to include without limitation (a) whatever is acquired (whether in the form of money, an Account Receivable, a Deposit Account, an Instrument or otherwise)." (g) any and all other amounts from time to time paid or payable under or in connection with any of the Collateral. pp. 7, Loan and Security Agreement (Exhibit D)

B. <u>Boston Steel pledges Security Interests:  See 3.1, pp 10, Loan and Security Agreement   (Exhibit E)</u>

Citizens Bank/Blacksmith lien is continuing, unconditional, and expresses rights to all assets of Borrower that includes Boston Steel Accounts Receivables, Contract rights, etc.

The Loan and Security Agreement states that to secure Boston Steel's timely payment and performance of all of the Obligations, grants to Lender an irrevocable, <u>unconditional and continuing</u> first and prior security interest in and lien upon all assets of Borrower".

  (A) Accounts Receivables
  (B) Chattel Paper
  (C) Contracts
  (D) Deposits

  (E) Documents

  (H) General Intangibles

  (O) Money

  (P) All other collateral

  (Q) All renewals, additions, accessions, proceeds

 The aforementioned Security Interests, include the Cives Accounts Receivables, Chattel Paper, Contracts, Deposits, Documents, General Intangibles, Money, all other collateral, accessions and proceeds.

 C. The above grant is a Continuous and Unconditional Security Interest. (See 3.2) pp. 11, Loan and Security Agreement (Exhibit F)

### Lenders Remedies:

1. <u>Citizens Bank may demand payment from Account Debtors, and did so by certified mail to Cives Steel Company.</u>

 Citizens, pursuant to the loan agreement is entitled to require payment directly to Citizens. 9.4 Loan and Security Agreement (Exhibit G)

2. <u>Lender may sell, assign, transfer, pledge, make any agreement in respect of or otherwise deal with any Account Receivable. See para. 9.5 (G) (Exhibit H)</u>

 Citizens was within their rights to sell the Boston Steel Notes to Blacksmith. Citizens Bank was entitled to sell the Boston Steel Accounts Receivables and the bank's right to enforce the contracts of Boston Steel, including the Cives/Boston Steel contract.

 Blacksmith is a holder in due course, provided payment to Citizens Bank to acquire the lien rights of Citizens Bank. Citizens Bank was pledged the rights to Boston Steel's assets, accounts receivables, collateral, contracts existing at the time of the loan and continuing thereafter from time to time.

 Blacksmith acquired the contract rights, pledged by Boston Steel to Citizens Bank that included in addition to the contract rights, all accounts receivables. Thus, Blacksmith has the rights that Boston Steel had to enforce collection of proceeds that are due Boston Steel.

 The Cives/Boston Steel Contract and other contracts as they came into existence were granted to Citizens Bank as security for BS'E note. The security interest is not limited to the date signed. The security interest continues and entitles Citizens throughout the Security and Loan Agreement period until paid, as evidenced by the attached exhibits to include existing and future assets, existing and future, Accounts Receivables, existing and future Contracts.

### Security Interest attaches to collateral
### - after-acquired property

The "Companies" intended that accounts receivables was a "floating lien". Mr. McInnis settlement agreement demonstrates that it was his intention that accounts receivables due Boston Steel & Precast at the time of default, the contracts at the time of default, were entitled to be recovered by Blacksmith as lien holder.

The future advances noted in the subject security and loan agreement, is identified by section 9:60, 25A Mass. Prac., Manual on Uniform Commercial Code, future advances, to include original and later acquired collateral. Future advances are noted in the security agreement.

The after-acquired collateral issue presented by Cives was enacted to aid the Bankruptcy Code, section relating to "preferences." This was abandoned under the current statute. Only limited protection is given to after-acquired property clauses in inventory and accounts receivables under a bankruptcy scenario. C.J.S. Secured Transactions Sect. 12,18,85. Boston Steel has not declared bankruptcy.

There is no requirement that a security interest be in writing. There is no dispute between the parties of the Citizens Bank security and loan agreement that the accounts receivables and contracts, subject of this action are in dispute. Citizens Bank agrees it has the right to the accounts receivables between the Boston Steel and Cives. McInnis, a recipient of the same letter, and by separate settlement agreement with Blacksmith, confirms the intentions of the parties as to the Cives accounts receivables.

In order to determine whether a security interest was created it is necessary to look to the intent of the parties, not Cives. "Therefore, it was inappropriate for the lower court to grant summary judgment to the defendant, where it was based solely on the fact that the assignment did not state that such security interest was intended. Front Row Seating, Inc. v. New England Concerts, Ltd., 333 Mass. App.Ct. 945, 602 NE2d 1103 (1992)

The separate agreement between Boston Steel & Precast, Inc., President and Blacksmith Investments confirms this intent that all remaining accounts receivables were pledged to Citizens Bank and sold to Blacksmith Investments.

4

**The Security and Loan agreement is a revolving loan agreement.**

Revolving loan and revolving note by their nature include security for advances to borrower by the ultimate collateral, the original collateral, and/or later acquired collateral, which is generically referred to as "future advances". Article 9, Sec. 9-204(c)

In the Security and Loan Agreement, 2.1.1 Advances under the Revolving Loan/Note the borrower can borrow future advances from time to time.

**Blacksmith Investments Need Not prove every element.**

Summary judgment is a "device to make possible the prompt disposition of controversies on their merits without a trial, if in essence there is no real dispute as to the salient facts or if only a question of law is involved." **Community Nat'l Bank v. Dawes, 369 Mass. 550, 553, 340 N.E.2d 877 (1976), quoting 3 W.W. Barron & A. Holtzoff, Federal Practice and Procedure (Rules ed.) Sec. 1231, at 96 (Wright rev. ed. 1958)**. The motion for summary judgment is in order "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." **Mass.R.Civ.P. 56(c), 365 Mass. 824 (1974).**

The intent of the parties to the Loan and Security Agreement, Revolving Loan Agreement, indicates the Citizens Bank believes that the "companies" pledge to the bank is continuing. The bank sold the loan and note to Blacksmith with this understanding of the loan agreement. Blacksmith purchased the note and loan from the bank, with this understanding. And, Bernard McInnis, President of Boston Steel & Precast Erectors, Inc. indicated this intent with his signing of the settlement agreement with Blacksmith. If, the continuing accounts receivables, assets, contracts, were not so believed between the parties, Citizens Bank would not have provided notice to Cives Steel Company of their demand of the accounts receivables that it sold to Blacksmith. And, McInnis would not have agreed to separately pledge Boston Steel & Precast Erectors/Cives Steel Company accounts receivables to Blacksmith. The latter agreement, in itself, allows Blacksmith to reach BSPE/Cives accounts receivables.

The facts demonstrate Blacksmith's rights to the BSPE/Cives accounts receivables, or at least a question of material facts as to the intention of the loan documents, if silent on the matter.

Blacksmith contends the loan documents express the continuing nature of BSPE loan obligations and the continuing lenders, Citizens Bank's ability to recover the Cives Steel Company accounts receivables.

## CONCLUSION

Blacksmith Investments acquired the Accounts Receivables and Contract with Cives Steel Company. This is demonstrated by the interpretation of Citizens Bank, and more importantly the intentions of the bank and Boston Steel & Precast, as to the loan documents. It is the intentions of Citizens Bank and Blacksmith Investments in the sale of the note to Blacksmith, and the letter from Citizens Bank to Cives Steel Company. The same demonstrates the intentions of Bernard McInnis, President of Boston Steel & Precast, Inc., recipient of the Citizens Bank letter (to Cives) as well as Mr. McInnis settlement agreement with Blacksmith.

The loan documents are not silent on this issue. The U.C.C. nature of a revolving note/loan implies original collateral, existing collateral, and future collateral including contracts and accounts receivables. The same are pledged in the loan documents to Citizens Bank.

Citizens Bank's remedies include the right of sale of the note/loan. Blacksmith paid $393,935.85 for the assets, Accounts Receivables, Contracts, etc., and the bank provided written notice of this to Cives Steel Company as well as Mr. McInnis.

Blacksmith Investments, LLC respectfully requests Cives motion be denied.

Blacksmith Investments, LLC
By their attorney,

Guy E. Guarino
BBO No. 213960
72 Country Club Way
Ipswich, MA  01938

Dated:  May 16, 2007

6