UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
BLACKSMITH INVESTMENTS, LLC,     )
               Plaintiff,        )
v.                               )    C. A. No. OS-11567-NG
                                 )
CIVES STEEL COMPANY,             )
               Defendant,        )
```

Response to_Order to Show Cause

On May 4, 2007 Cives deposed Blacksmith Investments LLC.  On May 7, 2007, Defendants filed their Motion for Summary Judgment.  Counsel for Plaintiff had previously made reservations for his wife to have rest and recuperation from May 18 – through May 28, 2007.  Receipt of defendant's motion was anticipated to be later, as counsel had filed a joint motion to extend the time for depositions, etc., but this was not acted upon by the Court prior to when defendant must timely file their motion (to dismiss for Boston Steel's assignment of receivables).  The anticipated subject of defendant's motion changed and the time for Plaintiff's counsel to respond was shortened by a planned medical rest.

Counsel's wife amongst cardiologists and electro physiologists has been referred to as a "walking miracle".  Sudden death syndrome, long QT syndrome, Tussards DePoint Syndrome, Sodium DNA deficiency, in combination allow no medical explanation of her heart failure survival.

Three hospitals in three days, five heart fibrillation applications at the hospitals, after the first day of untreated sudden death syndrome, left her with a present 33% heart efficiency and heart damage.  It is the first day of survival from sudden death heart failure that cannot be explained.

My daily concern is that my wife's heart does not have the normal inherent electrical ability to restart on its own.  The action of the automatic defibrillator (implant) is an unpredictable event, even moments before it happens.  It has such an electrical charge that it knocks her off her feet to the floor.

I telephoned Deputy Clerk Jennifer Filo, of a short version of this fact situation just prior to requesting a paper filing.  I was reluctant to leave town without the assurance that the filing of Blacksmith's opposition would be properly electronically filed, and would not require my return to Boston to correct my electronic filing

leaving my wife by herself in an unfamiliar location, with a potential hospital necessity at the hotel's discretion.

When I telephoned Deputy Clerk Jennifer Filo and explained that I had a Pacer account, was unsure about filing electronically, as this would be my first such filing of a motion, including exhibits. I asked if I could mail a paper filing and if she would electronically file the opposition when it was received. I explained this first and last such request and was based on my wife's medical condition and travel plans. Ms. Filo reluctantly agreed to electronically file the documents.

I sincerely regret any inconvenience this has created, or any appearance of refusing to comply, lacking to comply with the Court's standing order for electronic filing. My actions were neither frivolous or obstinate. My telephone call to the Deputy Clerk was an effort to seek an exception, to avoid any inference of failure to electronically file. I did not intend to harm the Court in any manner.

I am and have always been an attorney in good standing before all the Courts that I have appeared, including the United States District Court for the District of Massachusetts, The Massachusetts Court of Appeals, The Massachusetts Superior and District Courts, The United States Court of Appeals for The Federal Circuit, and the several U.S. Contracts Boards of Appeals.

I make affidavit that the above facts are true and correct.

Respectfully Submitted,

/s/Guy E. Guarino
BBO NO. 213960
72 Country Club Way
Ipswich, MA  01938
(978) 356-7500

Dated:  May 30, 2007

### Certificate of Service

I hereby certify that this document(s) filed through the ECF system May 30, 2007, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/Guy E. Guarino
Guy E. Guarino

2